1  Eugene Terrell
2  439 Douglas Avenue
   Oakland, Ca. 94603

3

*E-filing*

**FILED**

4        UNITED STATES DISTRICT COURT   MAR - 4 2008

5                  FOR THE

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

6        NORTHERN DISTRICT OF CALIFORNIA

7                                    )
   Eugene Terrell,                   )   Case No.:
8                                    )        **CO8-01273**
   Engineering Theoretical Technologies )
9  Research & Development Publications  )   **MOTION AND NOTICE FOR**
   (ETT-R&D Publications)            )   **WRIT OF POSSESSION**
10 439 Douglas Avenue, Oakland, Ca. 94603, )   **MANDATORY INJUNCTIVE RELIEF**
                                     )
11         Plaintiff,                )        Demand: $4,185
                                     )
12                                   )   FCRP 56, Calif.Code.Civ.Proc.
        vs.                          )   Section 525 – 534, Ca Civ Pro §
13                                   )   512.020(a), CCP 699.080, CCP
                                     )   715.040
14                                   )
   State of California Office of the Attorney )   42 U.S.C. 1983, US Constitutional
15 General Edmund G. Brown Jr.       )   14th Amendment Rights
                                     )
16 Office of the District Attorney;  )   California CIVIL CODE SECTION –
   1225 Fallon Street, Room 900,     )   52.1. (a) and (b)
17 Oakland, CA 94612                 )
                                     )   JURISDICTION; TITLE 28 PART IV
18                                   )   CHAPTER 89 Section 1443 (1) (2)
   Office of the United States Attorney, )
19 Attorney General Michael Mukasey; )   VENUE; TITLE 28 PART IV CHAPTER
                                     )   87 Section 1391 (b)(1), (e)(1)
20 Office of the United States Attorney, )
   1301 Clay Street, Suite 340S,     )
21 Oakland, CA 94612                 )   Dated this 28th day of February, 2008
                                     )
22                                   )
                                     )
23         **Defendants**            )   Attorney – In Pro Per; Eugene Terrell
                                     )
24                                   )   439 Douglas Avenue
                                     )   Oakland, Ca. 94603
                                     )   Ph: 510-636-9885

1  Notice is hereby given to all parties that on or before 31st of
2  March 2008 or as soon as the Motion for WRIT OF POSSESSION
3  MANDATORY INJUNCTIVE RELIEF  can heard, {brought before the
   Justices of the US District Court for the Northern District of
4  California} in which the Plaintiff seeks an Order for relief.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# INTRODUCTION

I, the Plaintiff, was continuously asking for help, in all
matters concerning the false charge of Domestic Violence. In
fact, I tried, in every way, not to do anything without
permission, either from Hayward Police Department, or California
Family Court Services. Moreover, I contacted the Office of the
United States Attorney and Federal Bureau of Investigation, to
report matters pertaining to Racial Discrimination. However, in
all situations, it did not seem to matter, because I was either
arrested or threaten with harm.

Nevertheless, I was unemployed, living in a Hotel in Hayward,
and had very little cash reserves. In fact, I had only recently
lost my position, as a Help Desk Representative for a Computer
Company, in San Mateo California. Nonetheless, I contacted a
former employer, a Security Company in San Francisco, ask for
employment, and received a job offer as an Armed Security
Officer. Yet, all of my equipment was still in my apartment,
where Ms. Christine San Pedro was now living. So, I requested,
and received, a Civil Stand-by from Hayward Police Department.
And while I informed the desk officer of my equipment needs, my
weapons, vest, and all of the miscellaneous gear, and followed
the police orders, parking and waiting in my vehicle near Winton
Avenue, until the Police arrived. When the Police Officers did

arrive, I was escorted, with Ms. San Pedro's permission, into my apartment, and then, without provocation, I was Arrested.

In other words, at the time, I had been to court at least once, and Ms. San Pedro had been given custody of our child, Yahnay Kristine Terrell, and even thought it was known, she had at least one Husband. Ms. San Pedro had requested and received a Restraining Order, claiming that she was in Fear for her Life; afraid that I was going to do harm to herself and her children.

Needless to say, I was confused, and because I was certified under California Penal Code Section 832. I inquired of the Arresting Officer, what I had done for my Arrest to be possible, or legal, for that matter. In other words, I had asked for, and received a Civil Stand-by from Hayward Police Department. And I followed all of their instructions, which included informing the Desk Officer that I needed my weapons, vest, and security equipment for a position of employment. Now, I ask the Justices of the Court. If the Police believe Ms. San Pedro allegations, why didn't they tell me? Why didn't just tell me I could not have my Security gear, and ask that I surrender my weapons to them? Clearly, if they had done this, I would have given it to them, because I did not want any trouble. I just needed a JOB! And in truth, I would not have done anything to chance the possibility of loosing my parental rights.

1

## PARTIES

2

3  1) Plaintiff; Eugene Terrell, owner and Principle Director of

4  Research and Development, since 1994, of Engineering

5  Theoretical Technologies - Research and Development

6  Publications.

7

8  2) Defendant(s);

9  a. United States Government

10  1) Federal Bureau of Investigation

11  2) Special Agent Jim R. Freeman

12  3) Office of the United States Attorney

13  b. State of California

14  c. City of Hayward

15  1) Hayward Police Department

16  2) Diana Davis (HPD Dispatcher)

17  3) Police Officer Edwards

18  4) Police Sgt. Camara

19  5) Police Officer Nishita

20

21

22

23

24

25

1

## LEGAL BACKGROUNG

2

3    "The Equal Protection Clause of the 14th amendment of the U.S.
4    Constitution prohibits states from denying any person within its
5    jurisdiction the equal protection of the laws.
6    See U.S. Const. amend. XIV.

7

8    In other words, the laws of a state must treat an individual in
9    the same manner as others in similar conditions and
10   circumstances. A violation would occur, for example, if a state
11   prohibited an individual from entering into an employment
12   contract because he or she was a member of a particular race.
13   The equal protection clause is not intended to provide
14   "equality" among individuals or classes but only "equal
15   application" of the laws. The result, therefore, of a law is not
16   relevant so long as there is no discrimination in its
17   application. By denying states the ability to discriminate, the
18   equal protection clause of the Constitution is crucial to the
19   protection of civil rights. See Civil Rights and Discrimination.
20

21   Generally, the question of whether the equal protection clause
22   has been violated arises when a state grants a particular class
23   of individuals the right to engage in activity yet denies other
24   Individuals the same right."

25

# FACTUAL BACKGROUND

Hayward Police Officers arrested the Plaintiff, after requesting and receiving a Civil Stand-by to obtain the equipment for a position as an Armed Security Officer. The Police Officers, while Arresting the Plaintiff, while in the apartment, did in fact confiscate all of the Plaintiff weapons.

In other words, prior to the Court Order, issued by Superior Court Justice Dawn B. Girard, was ever issued; Hayward Police Officer had confiscated all of the Plaintiffs weapons. And by the time the Plaintiff was allowed to go to his apartment, it was clear that the Plaintiff's Office had been searched. In fact, the Plaintiff found Ammunition beside the front door of the apartment, when in fact; the Plaintiff had a special place for the Boxed Ammunition, which was on top of the Book Case in his Office.

Clearly, any Judicial Notice reading of the Court Order to confiscate the Plaintiff's weapons, which was issued by Judge Dawn B. Girard, the format of it's writing is suspicious. It appears as if the Judge was attempting to protect, and cover up the Illegal Operations of Hayward Police Department, an act which was in Furtherance of the Criminal Conspiracy, maintained by the Police against the Plaintiff.

# CLAIMS FOR RELIEF

## Revival of the Items Confiscated

1) California Code of Civil Procedure - SECTION 512.010-512.120

   a) <u>WRIT OF EXECUTION</u> - Items Confiscated by Hayward Police

      1) (1) Smith and Wesson 357 Revolver* - $1,114.00 & tax

      2) (1) Sig Sauer P226 Automatic Pistol* - $920.00 & tax

      3) (3) Walther .380ACP Automatic Pistol - $1668.00 & tax

      4) (1) Raven Arms MP-25 Auto Pistol - $250.00 plus tax

   b) Or the Sum, equaling the current cost to replace these Items - $3,396 plus tax ≈ $4,185

<u>Note</u>: This Pistol, the 'Walther .380ACP Automatic Pistol', was not reported as being confiscated. In fact, I was not allowed to <u>SIGN OFF</u> on the Items Confiscated. Furthermore, this was the <u>THIRD</u> purchase of the 'Walther .380ACP Model', because my <u>first</u> Pistol was Confiscated some 6 years prior, by Hayward Police Officers, after I reported Stopping a <u>Robbery Assault</u>, less than 100 feet, at the Traffic Light, from the Police Station. The <u>second</u> weapon purchase was stolen, some 3 years prior, and reported to the Police Department. In fact, my call to Hayward Police, assisted in the capture of the Person, that stole the Weapon. {All Weapons purchased at; '<u>Traders Sporting Goods</u>', 685 E 14th St, San Leandro California.}

1

2

## PRAYER FOR RELIEF

3

WHEREFORE, Plaintiff respectfully requests that this Court
issues an Order to the State of California, the City of Hayward,
and Hayward Police Department to:

4

5

6

7   1) Return to the Plaintiff all of the items confiscated, or
        pay to the Plaintiff the Sum, equaling the current cost to
        replace these items; which - \$3,396 plus tax $\approx$ \$4,185.

8

9

10

11

12   2) And if, upon any finding of Fact that Discrimination is
        indeed the prevalent issue. The Plaintiff request that
        the Court Penalize the Named Defendants as prescribed by
        California CIVIL CODE SECTION - 52.1. (a) and (b), which
        requires each of the Defendants to pay \$25,000 to the
        Plaintiff.

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

## Supplemental - Table of Authority

3

## U.S. Codes / Federal and California State Laws

4

5

### US Constitutional 4th and 5th Amendment Rights

6

7  **Amendment IV**

8  **Note: I was certified under California Penal code Section 832.**
**Furthermore, I called the Police and ask that they escort Mrs.**
9  **Christine San Pedro from my apartment, because she said; "… I'm**
**leaving you in 2 months, because I have another man." So. Where**
10  **is the Probable cause?**

11

12  **The right of the people to be secure in their persons, houses,**

**papers, and effects, against unreasonable searches and seizures,**

13  **shall not be violated, and no warrants shall issue, but upon**

14  **probable cause, supported by oath or affirmation, and**

15  **particularly describing the place to be searched, and the**

**persons or things to be seized.**

16

17

18  **Amendment V**

19  **Note: I have never been before the Court for the Illegal use of**
**a Gun, or any other weapon for that matter. So. How can my work**
20  **tools be confiscated, and maintained, without Due Process?**

21  **No person shall be held to answer for a capital, or otherwise**

22  **infamous crime, unless on a presentment or indictment of a grand**

23  **jury, except in cases arising in the land or naval forces, or in**

24  **the militia, when in actual service in time of war or public**

25  **danger; nor shall any person be subject for the same offense to**

1 be twice put in jeopardy of life or limb; nor shall be compelled
2 in any criminal case to be a witness against himself, <u>nor be</u>
3 <u>deprived of life, liberty, or property, without due process of</u>
4 <u>law;</u> nor shall private property be taken for public use, without
5 just compensation.

## Case Law Decisions

<u>Weeks v. United States, 232 U. S. 383 (1914)</u>

<u>ELKINS V. UNITED STATES, 364 U. S. 206 (1960)</u>

<u>WOLF V. COLORADO, 338 U. S. 25 (1949)</u>

Specifically note, while there has been many injustices
committed against the people by the Government, and given that,
it is not my desire or wish, to see anyone unjustly punished.
However, I am well aware, the very nature of the animal
instincts for survival, in all of us, prevents anyone from ever
claiming absolute innocence, or the righteous indignation liken
to some Religious Sect claiming the knowledge and the beliefs in
God. In other words, there does not seem to ever have been a
Case of Record, in which a wrongful punishment was acknowledged,
and the Government admitted that a Constitutional Violation had
been made. Hence, I believe this case will probably set
precedence. Even still, what should be quite clear to the
Justices of the Court however, is that, the Complaint outlined
by this Motion is indeed, a 14th Amendment Constitutional Right

1 Violation. In any case, the closest case of record I could find,

2 is given below:

3

4 U.S. Supreme Court - MAPP v. OHIO, 367 U.S. 643 (1961)
367 U.S. 643 - MAPP v. OHIO.

5 APPEAL FROM THE SUPREME COURT OF OHIO. - No. 236.
Argued March 29, 1961. -- Decided June 19, 1961.

6

7

8 There are those who say, as did Justice (then Judge) Cardozo,
that under our constitutional exclusionary doctrine "[t]he

9 criminal is to go free because the constable has blundered."

10 People v. Defore, 242 N. Y., at 21, 150 N. E., at 587. In some

11 cases this will undoubtedly be the result. 9 But, as was said in
Elkins, "there is another consideration - the imperative of

12 judicial integrity." 364 U.S., at 222. The criminal goes free,

13 if he must, but it is the law that sets him free. Nothing can

14 destroy a government more quickly than its failure to observe

15 its own laws, or worse, its disregard of the charter of its own

16 existence. As Mr. Justice Brandeis, dissenting, said in Olmstead
v. United States, 277 U.S. 438, 485 (1928): "Our Government is

17 the potent, the omnipresent teacher. For good or for ill, it

18 teaches the whole people by its example. ... If the Government

19 becomes a lawbreaker, it breeds contempt for law; it invites

20 every man to become a law unto himself; it invites anarchy." Nor

21 can it lightly be assumed that, as a practical matter, adoption
of the exclusionary rule fetters law enforcement. Only last

22 year this Court expressly considered that contention and found

23 that "pragmatic evidence of a sort" to the contrary was not
wanting. Elkins v. United States, supra, at 218.

24

25

The ignoble shortcut to conviction left open to the State tends to destroy the entire system of constitutional restraints on which the liberties of the people rest. 11 Having once recognized that the right to privacy embodied in the Fourth Amendment is enforceable against the States, and that the right to be secure against rude invasions of privacy by state officers is, therefore, constitutional in origin, we can no longer permit that right to remain an empty promise. Because it is enforceable in the same manner and to like effect as other basic rights secured by the Due Process Clause, we can no longer permit it to be revocable at the whim of any police officer who, in the name of law enforcement itself, chooses to suspend its enjoyment. Our decision, founded on reason and truth, gives to the individual no more than that which the Constitution guarantees him, to the police officer no less than that to which honest law enforcement is entitled, and, to the courts, that judicial integrity so necessary in the true administration of justice. The judgment of the Supreme Court of Ohio is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

**Weeks v. United States, 232 U. S. 383 (1914)**

**Syllabus**

Under the Fourth Amendment, Federal courts and officers are under such limitations and restraints in the exercise of their power and authority as to forever secure the people, their persons, houses, papers and effects against all unreasonable searches and seizures under the guise of law.

The protection of the Fourth Amendment reaches all alike, whether accused of crime or not; and the duty of giving it force and effect is obligatory on all entrusted with the enforcement of Federal laws.

The tendency of those executing Federal criminal laws to obtain convictions by means of unlawful seizures and enforced confessions in violation of Federal rights is not to be sanctioned by the courts which are charged with the support of constitutional rights.

The Federal courts cannot, as against a seasonable application for their return, in a criminal prosecution, retain for the purposes of evidence against the accused his letters and correspondence seized in his house during his absence and without his authority by a United States marshal holding no warrant for his arrest or for the search of his premises.

While the efforts of courts and their officials to bring the guilty to punishment are praiseworthy, they are not to be aided by sacrificing the great fundamental rights secured by the Constitution.

NOTE: I was never given, nor was there ever a Warrant issued, that would allow for, or provide the legal grounds Authorizing / Justifying any Search, and or, Seizure of my Property. And more importantly, there was No Crime or Criminal Trial involving the use of a Weapon, which would Justify this Criminal Act. In fact, I had an offer for a JOB, a position of employment as an Armed Security Officer. In fact, I was missing at one weapon, which was not to mentioned in the Police Incident Report.

State of California; CIVIL CODE SECTION 43-53

Section 52.1

(a) If a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state, the Attorney General, or any district attorney or city attorney may bring a civil action for injunctive and other appropriate equitable relief in the name of the people of the State of California, in order to protect the peaceable exercise or enjoyment of the right or rights secured. An action brought by the Attorney General, any district attorney, or any city attorney may also seek a civil penalty of twenty-five thousand dollars ($25,000). If this civil penalty is requested, it shall be assessed individually against each person who is determined to have violated this section and the penalty shall be awarded to each individual whose rights under this section are determined to have been violated.

1    (b) Any individual whose exercise or enjoyment of rights
2    secured by the Constitution or laws of the United States, or of
3    rights secured by the Constitution or laws of this state, has
4    been interfered with, or attempted to be interfered with, as
5    described in subdivision (a), may institute and prosecute in his
6    or her own name and on his or her own behalf a civil action for
7    damages, including, but not limited to, damages under Section
8    52, injunctive relief, and other appropriate equitable relief to
9    protect the peaceable exercise or enjoyment of the right or
10   rights secured.

11

12

13   <u>California Constitution</u>
14   <u>Article 1 - Declaration of Rights - Section 28</u>

15

16   The rights of victims pervade the criminal justice system,
17   encompassing not only the right to Restitution from the
18   wrongdoers for financial losses suffered as a result of criminal
19   acts, but also the more basic expectation that persons who
20   commit Felonious acts causing injury to innocent victims will be
21   appropriately detained in custody, tried by the courts, and
22   sufficiently punished so that the public safety is protected
23   and encouraged as a goal of highest importance.

24

25

1

2

# **Evidence Section**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: **TELEPHONE NO.:**

Christine M. San Pedro
24409 Soto Rd.
Hayward, Ca 94544

**ATTORNEY FOR *(Name)*:**

**FOR COURT USE ONLY**

ENDORSED
FILED
ALAMEDA COUNTY

NOV 09 1995

CLERK OF THE SUPERIOR COURT
By Malkai Begum

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

**STREET ADDRESS:** ALAMEDA COUNTY
**MAILING ADDRESS:** 1225 FALLON STREET
**CITY AND ZIP CODE:** OAKLAND, CA 94612
**BRANCH NAME:**

**PERSON TO BE PROTECTED:** Christine M. San Pedro

**PERSON TO BE RESTRAINED:** Eugene Terrell

☐ PETITIONER/PLAINTIFF
☐ RESPONDENT/DEFENDANT
☐ PETITIONER/PLAINTIFF
☐ RESPONDENT/DEFENDANT

**CASE NUMBER:**

758699-c    #42

**RESTRAINING ORDER AFTER HEARING (CLETS)**
**(Domestic Violence Prevention)**

This form may be used in conjunction with the Findings and Order After Hearing form (rule 1296.31) if the court makes additional orders.

his proceeding was heard
on *(date)*: NOV 0 9 1995    at *(time)*: 8:30 am in Dept.: 3    Room: _____
by judge *(name)*:    ☐ Temporary Judge

2. a. ☐ Petitioner/plaintiff and respondent/defendant were personally present at the court hearing. No additional proof of service
of these restraining orders is required.
☒ Petitioner/plaintiff was personally present and proof of service of the Order to Show Cause was provided.

**THE COURT FINDS**

3. a. The restrained person is *(name)*: Eugene Terrell

Sex: ☒ M  ☐ F  Ht.:____ Wt.:____ Hair Color:____ Eye Color:____ Race:_____ Age:____ Date of birth: _____

b. The protected person is *(name)*: Christine M. San Pedro

c. The protected family and household members are *(names)*: Jahnay Terrell

**THE COURT ORDERS**

THIS ORDER, EXCEPT FOR ANY AWARD OF CHILD CUSTODY OR VISITATION, SHALL EXPIRE AT MIDNIGHT ON
*(date)*:    11-9-98

4. The restrained person
a. shall not contact, molest, attack, strike, threaten, sexually assault, batter, telephone, or otherwise disturb the peace of the protected
person ☒ and family or household members.
b. ☒ shall stay at least 160 yards away from the protected persons and
(1) ☒ protected person's residence
(2) ☒ protected person's workplace
(3) ☒ protected person's children's school or child care
(4) ☒ other *(specify)*: Vehicle

☐ except as provided in item 5b (visitation).
c. ☐ shall immediately move from *(address)*: _____
and take only personal clothing and effects.

- *Taking or concealing a child in violation of this order may be a felony and punishable by confinement in state prison, a fine, or both.*
- *Any person subject to a restraining order is prohibited from obtaining or purchasing or attempting to purchase a firearm by Penal Code section 12021. Such conduct may be a felony and punishable by a $1,000 fine and imprisonment.*
- *Other violations of this order may also be felonies punishable by fines or imprisonment, or both.*

(Continued on reverse)

Form Adopted by Rule 1296.29
Judicial Council of California
1296.29 (Rev. January 1, 1994)

**RESTRAINING ORDER AFTER HEARING (CLETS)**
**(Domestic Violence Prevention)**

Family Code, § 6000 et seq.

| PERSON TO BE PROTECTED (Name): San Pedro | CASE NUMBER: |
|---|---|
| PERSON TO BE RESTRAINED (Name): Terrett | 758699-0 |

5. a. ☒ Custody of the minor children

| Child's name | Physical custody is awarded to (specify name of parent or "joint") | Legal custody is awarded to (specify name of parent or "joint") |
|---|---|---|
| (1) Johncay Terrell | Christine San Pedro | Christine San Ped |
| (2) | | |
| (3) | | |
| (4) | | |
| (5) | | |
| (6) | | |

b. Parent without physical custody (name): Eugene Terrell
   (1) ☒ shall not have visitation
   (2) ☐ shall have visitation as follows (specify times and conditions, if any):

6. ☐ Fees for service of this order by law enforcement agencies are waived.

7. By the close of judicial business on the date of this order, a copy of this order shall be delivered by the protected person to the law enforcement agency having jurisdiction over the residence of the protected person, who shall provide information to assist in identifying the restrained person. Proof of service of this order on the restrained person shall also be provided to the law enforcement agency unless the order shows the restrained person was present in court. The law enforcement agency having jurisdiction over the plaintiff's residence is (name and address of agency):

   Oakland Police

8. ☐ A copy of this order shall be given to the additional law enforcement agencies listed below as follows:
   (1) ☒ Person to be protected shall deliver.    (2) ☐ Person to be protected's attorney shall deliver.
   (3) ☐ The clerk of the court shall mail.

   Law enforcement agency          Address
   Hayward Police Dept

9. Other orders (specify):

Date: ►SK
      MD

                                   JUDGE OF THE SUPERIOR COURT

---

*This order is effective when made. It is enforceable anywhere in California by any law enforcement agency that has received the order, is shown a copy of it, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If proof of service on the restrained person has not been received, and the restrained person was not present at the court hearing, the law enforcement agency shall advise the restrained person of the terms of the order and then shall enforce it.*

---

[SEAL]

CLERK'S CERTIFICATE

I certify that the foregoing Restraining Order After Hearing (CLETS) is a true and correct copy of the original on file in the court.

Date:              Clerk,                                    , Deputy

1296.29 (Rev. January 1, 1994)        RESTRAINING ORDER AFTER HEARING (CLETS)        Page two

San Pedro vs. Temeli   #755699-0

Court orders all weapons possessed or
owned by the Defendant to be turned
over to the Police Dept. The weapons
which have already been confiscated
by the Police to be retained in police
possession until further Court order. Defendant
shall not return to 24409 Soto Rd. Apt. 1
in Hayward until further order. Defendant
not to purchase, borrow or possess any
weapon until court allows. Defendant to
turn over the keys to the Apt. and
to the Room where alleged weapons
have been locked, to the Hayward Police
or Alameda Sheriff's Dept, so that police
can confiscate the weapons. Court orders matter
cont'd to 12/8/95   @ 8:30 am in Dept 3

NOV ?? 1995
Date

DAWN B. GIRARD
Judge of the Superior Ct.

**COMPLAINT OR COMMENDATION**

YOUR NAME: Eugene Terrell                    DATE Filed: Dec 5, 1995

HOME ADDRESS: 24409 Soto Road  #7   (Restraining Order - Vacant Apt)

HOME PHONE: Sister 510-568-1435 / 510-537-2410   BUSINESS PHONE: _____

SEX: Male   AGE: 44   DATE OF BIRTH: May 9, 1951

WHERE DID THIS OCCUR? At 24405 Soto Rd. #7; Hayward CA 94544

DATE: Oct 27, 1995 _____  TIME: Approx 1930 hours

EMPLOYEES INVOLVED: HPD Dispatcher Ms Diana Davis, HPD Officer Nishita, HPD Officer Sgt. Camara, HPD Officer Edwards, and the HPD Office who drove the escort vehicle for the Prisoner transport vehicle on Oct, 28, 1995 (Officer Espinoza & Sgt. Wright)

DESCRIPTION OF INCIDENT: 2 count felony violation of Penal code 182.3, iolation of Penal code(s) 236 & 118.1, to include 149 pc.

(violated Penal Code(s) 182.2, 236, 118.1, and 136.1 )

1 .SE PROVIDE THE NAMES, ADDRESSES, AND PHONE NUMBERS OF ANY PERSONS WHO MAY HAVE KNOWLEDGE OF THIS INCIDENT:

NAMES: _____

ADDRESS & PH #: _____

NAMES: _____

ADDRESS & PH #: _____

N  ES: _____

ADDRESS & PH #: _____

## STATEMENT
(START THE NARRATIVE ON THIS PAGE AND CONTINUE ON THE BACK.)

I was granted a Civil Stand by on Oct 27, 1995 by HPD Dispatcher Ms Diana Davis (After two attempts - Being granted once & denied once). I followed her instructions because I had informed her, that I had this 'nut' telling everyone that I was going to kill her - Nonetheless, two units arrived, about 15min apart - Officer Nishita was first on the seene - We maintained a conversation; he ~~skoj~~ spoke of his job with Oakland Housing Authority Police, and I diswen working with Western Security Bureau as a Security Officer.

## PERSONNEL COMPLAINTS

All police departments in the State of California are required by law to have a process by which a citizen may make a complaint against police personnel. The information in this pamphlet will assist anyone who has occasion to make a complaint against any Hayward Police personnel. Here are some of the questions we frequently encounter regarding our complaint procedures and processes.

### What is a citizen's complaint?

There are two types of personnel complaints. The first is an informal complaint. This complaint is normally handled by the employee's supervisor for minor transgressions and is brought to the employee's attention by the supervisor.

The second type of complaint is the formal complaint. This is for more serious types of transgressions. The formal complaint is lodged with the employee's supervisor, Watch Commander, or Internal Affairs.

### Who can make a complaint?

A personnel complaint may be made by anyone. However, if the complainant is under the age of 18, we require that the complainant be accompanied by a parent or an adult.

Hayward Police Department:
ATTN: Sgt. K. Gross and
'Chief of Police'
(a) home

---

(3)

DATE: October 12, 1995        APPROXIMATE TIME: 15:30 pm hours

Employee involved: HPD Officer(s) Costakis #391 and a unknown male Officer

On the above date and time, I, Eugene Terrell, did call #911, HPD emergency, after Mrs Christina M. San Perdo attempted to forceable take my child (Yahnay K. Terrell) away from me. I had refused temporary custody of my child to her nother, because two days before she (Mrs Christina M. San Pedro) refused to except the medication needed by my child. Furthermore, HPD Officer Costakis, #391, did in fact, order me to surrender my child to Mrs. Christina M. San Pedro, even after I made her aware of my beliefs that Mrs Christina M. San Pedro has a psychological problem, and was telling everyone that I was going to kill her. HPD Officer Costakis said I was lying about my concerns regarding my child's state of Health. But, Mrs Christina M. San Pedro has been sited once for leaving a two month old baby (my child) in an unattented vehicle in the parking lot of Price Club, in Hayward; and herself, has told me she has attempted susside twice. Moreover, it is my belief, that HPD Office Costakis #391, is the root of the cause for all of my problems concerning this complaint, to include Mrs. Christina M. San Pedro filing a 'Restraining Order' and lying on several Police reports, Depositions, and making false statements to Police in force it! Note: I made a (verbal) report to the HPD Chief's secretary about this incident.

SCANNED
HAYWARD POLICE DEPARTMENT     **INCIDENT REPORT**     HAYWARD, CALIFORNIA

| TYPE OF CRIME | NAME | PFN AQT500 | D.O.B. | RACE |
|---|---|---|---|---|
| 0. Restraining Ordr | (S) TERRELL, EUGENE | | 5-9-51 | B |
| TO DA ☐  FOLLOW UP ☐<br>R COMP ☐  REQUESTED ☐ | ADDRESS  24409 Soto Road #7  Hwd | WORK PHONE  N/P | HOME PHONE  N/P | SEX  M |
| **NO. PERSONS ARRESTED** | NAME | PFN | D.O.B. | RACE |
| DULT 1  JUVENILE 2 | (V) San Pedro, Christina Mendoza | | 5-23-55 | O |
| **INVESTIGATIVE SUMMARY**<br>**SUSPECT STATUS** | ADDRESS  24409 Soto Road #7  Hwd | WORK PHONE | HOME PHONE  537-2410 | SEX  F |
| N CUSTODY . . . ☒ | NAME  (W) Ofc. Nshita | PFN | D.O.B. | RACE |
| AMED . . . . ☐<br>ESCRIBED . . . ☐ | ADDRESS  — HPD in File — | WORK PHONE | HOME PHONE | SEX |
| EEN . . . . ☐<br>UNKNOWN . . . . ☐ | NAME  (W) Sgt. Camara | PFN | D.O.B. | RACE |
| **SUSPECTS VEHICLE** | ADDRESS  — HPD in File — | WORK PHONE | HOME PHONE | SEX |

| SUSPECTS VEHICLE | | EVIDENCE | | STOLEN PROPERTY | VICTIMS INJURIES |
|---|---|---|---|---|---|

| TYPE OF PROPERTY: ☒ Stolen ☐ Recovered | S | R | CRIME CLASS  TRO | BEAT  N | CENSUS |
|---|---|---|---|---|---|
| (1) Currency, Notes, Etc. $ | ☐ | ☐ | | | |
| (2) Jewelry and Precious Metals $ | ☐ | ☐ | TYPE OF PREMISES  APARTMENT | | |
| (3) Clothing and Furs $ | ☐ | ☐ | | | |
| (4) Locally Stolen Motor Vehicles $ | ☐ | ☐ | TOOLS-WEAPONS-MEANS USED  Body | | |
| (5) Office Equipment $ | ☐ | ☐ | | | |
| (6) Televisions, Radios, Stereos, Etc. $ N/A | ☐ | ☐ | POINT OF ENTRY  Front Door | | |
| (7) Firearms $ | ☐ | ☐ | | | |
| (8) Household Goods $ | ☐ | ☐ | DATE AND TIME REPORTED  10-27-95  1917 | | |
| (9) Consumable Goods $ | ☐ | ☐ | | | |
| (10) Livestock $ | ☐ | ☐ | | | |
| (11) Miscellaneous $ | ☐ | ☐ | | | |

| **INVESTIGATIVE SUMMARY SUSPECT STATUS** | N CUSTODY ☒ AMED ☐ ESCRIBED ☐ EEN ☐ UNKNOWN ☐ |
|---|---|

**SUSPECTS VEHICLE**
TOWED . . . ☐
DESCRIBED . . . ☐
SEEN . . . ☐
UNKNOWN . . . ☒

**EVIDENCE**
FINGERPRINTS . . ☐
PHOTOS . . . ☐
COMPOSITE . . ☐
OTHER . . . ☒
ION . . . ☐

**STOLEN PROPERTY**
ERIALIZED . . . ☐
DE IABLE . . ☐
TH . . . ☐
O LOSS . . . ☒

**VICTIMS INJURIES**
VICTIM INJURED . ☐
O INJURY . . . ☒

| LOCATION OF OCCURRENCE (include nearest address)  24409 Soto Road #7 | DATE AND TIME OCCURRED  10-27-95  1950 | DAY OF WEEK  Fri |
|---|---|---|

| HICLE USED: YR. MAKE BODY COLOR LIC.  — UNKNOWN — | SUSPECT DESCRIPTION<br>SUSPECTS STATUS<br>SUMMARY<br>NARRATIVE | PHYSICAL EVIDENCE<br>CRIME SCENE<br>WITNESS ATTEMPTS<br>WITNESS TESTIMONY | SUSPECT STATEMENT<br>SUSPECT RECORD<br>FOLLOW UP<br>CASE STATUS |
|---|---|---|---|

RENTS OR LEGAL GUARDIAN     ADDRESS     HOME & WORK PHONES     SCHOOL
(W) Davis, Diane  (HPD Dispatcher)
— HPD in File —

SEE Attached Sheets

| POSITION:  JUV HALL ☐  PROTECTIVE CUSTODY (300 W&I) ☐  NTA ☐  R & R ☐  CRISIS RECEIVING HOME ☐ | APPROVED BY  MB |
|---|---|
| EARED  JUVENILE ☐  UNUSUAL ☐  JUV. BOOKED ☐  OFFICER  Edwards | BADGE  325 | 10-28-95 |
| POSITION  ADULT ☐  UNFOUNDED ☐  Y ☐  N ☐ | | |
| TING:  BOOK · FILE · CAPT. · DA · JUV. HALL · DOJ · DET. · JUV. · LT. · TRAFFIC<br>YFSB · NARC · CP · CHIEF · VICE/INTEL · ABC · OTHER | DATA INPUT | DATE & TIME APPROVED  0336 |
| LOW UP ASSIGNED TO | PAT  DET  YFSB  NARC | REPRODUCED & ROUTED BY  DATE & TIME 10-28 MB | REPORT NUMBER  95-31639 |



SCANNED

## Suspect Description:

Black Male 44 years, 5'6, 145, black, brown.

## Suspect Status:

In custody on non release basis for violation of a restraining order.

## Summary:

(S)Terrell goes to 24409 Soto Road requesting a civil standby from police in violation of a lawful restraining order.

## Narrative:

On 10/27/95 at approximately 1945 I was detailed as a cover unit to 24409 Soto Road to investigate a report of someone requesting a civil standby. Ofc. Nishita arrived onscene at 1950 and I arrived onscene at 1957. On arrival I saw Ofc. Nishita talking with Eugene Terrell in the driveway of the address directly behind apartment 7. As I approached I asked Ofc. Nishita what was going on and simultaneously recognized Terrell. I have been at Terrell's home several times for family disturbances and have dealt with him before. I am also familiar with his wife Christina San Pedro.

Terrell looked at me and said "I remember you!" I asked Terrell what was going on. Terrell told me he wanted to go into the apartment where Christina was and collect some of his clothing so he could look for a job. I asked Terrell if that was all he wanted to get. Terrell replied, "Well, don't freak out but I want to get my handguns out of there too." Terrell added that he thought his wife might have a restraining order but wasn't sure. I asked Terrell if he had been served with the restraining order and he replied yes, but insisted that the restraining order gave him permission to come and collect his belongings. I asked Terrell if he had a copy of the order and he said no. Ofc. Nishita went to the apartment and spoked with Christine while I was talking to Terrell. Nishita came back and told me Christine said it was ok for Terrell to come and get his clothing. Thinking that perhaps there was a clause in the restraining order to allow this to happen, I accompanied Terrell into the apartment along with Ofc. Nishita.

Once inside the apartment Christine recognized me and said "hello Officer Edwards". I asked Christine to show me her copy of the restraining order. I reviewed the copy along with the proof of service while Ofc. Nishita went into the s/w bedroom and secured three handguns that Terrell wanted to take with him. As I was reading the order Terrell said to me "Officer Edwards, I'm begging you on my hands and knees, please let me take the guns with me and some of the

| Original | Officer Edwards | Page 1 | 95-31639 |



clothes!" I thought Terrell's plaintive demeanor was very dramatic and eccentric, and I asked him why it was so important to have the guns. Terrell said he didn't know.

I reviewed the restraining order and found no mention of a time to be set aside for a visit by Terrell to the residence for any reason while the order was in effect. I pointed this out to Terrell and advised him he was under arrest for investigation of violating a restraining order. Terrell then said "you can't do that, you brought me in here!" I pointed out to Terrell that while he was technically correct, the reason we had brought him in was because he had provided us with false information regarding the order. I then placed Terrell in handcuffs and sat him in the rear of my patrol car and requested a supervisor respond to the scene.

Sgt. Camara responded and I described to him the circumstances of what had occurred. Sgt. Camara told me Terrell had been at the front counter at HPD earlier in the afternoon requesting a civil standby at the address. At that time Terrell stated he had a restraining order placed against him by his wife barring him from visiting or calling. Sgt. Camara had the situation explained to him by police clerk Jim Marcus (who was working the front counter at the time) and told Marcus to tell Terrell that the police would not assist him in defying a restraining order. Terrell then left.

Sgt. Camara instructed me to contact radio and find out what Terrell had told dispatch in order to secure a civil standby at the address. After I transported Terrell to HPD Jail I contacted Diana Davis, the HPD dispatcher that took Terrell's call asking for the civil standby. Davis told me Terrell told her over the phone that he was aware of a restraining order against him and stated there was an exclusion in it for him to go to the residence and pick up his personal belongings. Davis had no way of knowing that Terrell was lying and put the detail in for service.

Clearly Terrell had no qualms about providing the police with false information after being told no earlier when he requested a civil standby as observed by Sgt. Camara. I found Terrell's strange behavior on arrival all the more alarming when Terrell's focus turned away from collecting his clothing(as stated in the notes of the original detail) to collecting his firearms, which consisted of three handguns (.357, 9mm, .25). Based on the totality of the circumstances, and the fact the affidavit attached to the restraining order complains of Terrell's bizarre behavior and acts of violence, I felt it necessary to seize all three firearms and place them in the custody of the police department as per 12028.5pc. Additionally, the court needs to be petitioned to seek forfeiture of the weapons from Terrell in order to protect Christine. I also placed a non release on Terrell as I believe there is a strong likelihood that Terrell will continue to violate the order if released.

## Physical Evidence:

I placed the three handguns found at the scene into evidence to be held pending a petition to the court to permanently seize them. They consisted of a loaded Sig Sauer P226 9mm semi automatic pistol, a loaded Ravens Arms .25 caliber pistol, and an unloaded Smith and Wesson



.357 magnum. I also attached a copy of the restraining order with this report. A copy of the order and its proof of service was on file with the police department at the time of this incident.

## Crime Scene:

24409 Soto Road. Terrell was found by Nishita in the driveway area of this complex not more than forty feet away from the apartment.

## Witness Testimony:

Officer Nishita can testify to the narrative of this report. Sgt. Camara can testify to being aware of an earlier request by Terrell for a civil standby and refusing the request because it would be illegal.

Christine San Pedro can testify to being contacted by police and being told her Terrell was downstairs asking to come up, and to showing the order to me (see statement taken by Nishita).

## Suspect Statement:

During transport into the police station Terrell told me he was not interested in speaking to me regarding the incident. I did not try to question him further.

## Suspect Record:

Terrell is known to corpus/cii for domestic violence and possession of a loaded firearm (see rap).

## Case Status:

Cleared by arrest.

| Original | Officer Edwards | Page 3 | 95-31639 |



.357 magnum. I also attached a copy of the restraining order with this report. A copy of the order and its proof of service was on file with the police department at the time of this incident.

### Crime Scene:

24409 Soto Road. Terrell was found by Nishita in the driveway area of this complex not more than forty feet away from the apartment.

### Witness Testimony:

Officer Nishita can testify to the narrative of this report. Sgt. Camara can testify to being aware of an earlier request by Terrell for a civil standby and refusing the request because it would be illegal.

Christine San Pedro can testify to being contacted by police and being told her Terrell was downstairs asking to come up, and to showing the order to me (see statement taken by Nishita).

### Suspect Statement:

During transport into the police station Terrell told me he was not interested in speaking to me regarding the incident. I did not try to question him further.

### Suspect Record:

Terrell is known to corpus/cii for domestic violence and possession of a loaded firearm (see rap).

### Case Status:

Cleared by arrest.

| Original | Officer Edwards | Page 3 | 95-31639 |
| --- | --- | --- | --- |



# HAYWARD POLICE DEPARTMENT
## PROPERTY / EVIDENCE TAG

DATE & TIME: _10-27-95   1950_    SUSPECT: _TERRELL, EUGENE._

CRIME: _166PC_    S.V.I.W. _SAN PEDRO, CHRISTINE_

☐ JUV   ☒ ADULT   DOB _____    S.V.I.W. ADDRESS: _____
☐ PFN _____

REPORT NUMBER:

### TYPE OF EVIDENCE (CHECK ONE BOX ONLY)

☐ FELONY   ☒ MISDEMEANOR   ☐ SEARCH WARRANT   ☐ CIVIL
☐ FOUND PROPERTY   ☐ SAFEKEEPING   ☐ OBSERVATION

| ITEM | DESCRIPTION OF PROPERTY - LIST ALL ITEMS SEPARATELY AND COMPLETELY (MAKE, MODEL, SERIAL NO., COLOR, CALIBER, ETC.) | |
|------|------|------|
| 1 | Smith & Wesson 6" 586 Revolver .357 Serial #BHC6413 Black Finish w/ Wood Handle *Packed in Original Box* | PROPERTY ROOM USE ONLY**** |
| 2 | Sig Sauer Model #P226 Serial #U437506 Black Finish 9mm Semi Auto | |
| 3 | Raven Arms .25 Cal Model MP-25 Semi Auto | |
| 4 | 15 Rounds 9mm Cartridges; 5 Rounds .25 Cal. Cartridges. | |
| 5 | One Sig Sauer P226 Clip; One Raven Arms MP-25 Clip. | |
| | | |
| | | |
| | | |

### CHECK APPROPRIATE ENTRY (S)

_____ HELD AS EVIDENCE          _____ PHOTOGRAPHED AND RETURNED
_____ RETURN TO                 _____ CSU PROCESSING
_____ DESTROY NOW               _____ RELEASED TO DMV
_____ OUTSIDE AGENCY _____      _____ U.S. MAIL

SPECIAL PROCESSING/REMARKS: _HELD PER 12028.5PC w/ PETITION TO COURT FOR PERMANENT HOLD_

WAS RECEIPT GIVEN? ☐ YES ☒ NO   INITIALS OF (S) (V) (I) _____

| OFFICER _E. ____ | BADGE _325_ |
|------|------|
| TECH. OFFICER | BADGE |
| | REPORT NUMBER _95-31639_ |

clothes!" I thought Terrell's plaintive demeanor was very dramatic and eccentric, and I asked him why it was so important to have the guns. Terrell said he didn't know.

I reviewed the restraining order and found no mention of a time to be set aside for a visit by Terrell to the residence for any reason while the order was in effect. I pointed this out to Terrell and advised him he was under arrest for investigation of violating a restraining order. Terrell then said "you can't do that, you brought me in here!" I pointed out to Terrell that while he was technically correct, the reason we had brought him in was because he had provided us with false information regarding the order. I then placed Terrell in handcuffs and sat him in the rear of my patrol car and requested a supervisor respond to the scene.

Sgt. Camara responded and I described to him the circumstances of what had occurred. Sgt. Camara told me Terrell had been at the front counter at HPD earlier in the afternoon requesting a civil standby at the address. At that time Terrell stated he had a restraining order placed against him by his wife barring him from visiting or calling. Sgt. Camara had the situation explained to him by police clerk Jim Marcus (who was working the front counter at the time) and told Marcus to tell Terrell that the police would not assist him in defying a restraining order. Terrell then left.

Sgt. Camara instructed me to contact radio and find out what Terrell had told dispatch in order to secure a civil standby at the address. After I transported Terrell to HPD Jail I contacted Diana Davis, the HPD dispatcher that took Terrell's call asking for the civil standby. Davis told me Terrell told her over the phone that he was aware of a restraining order against him and stated there was an exclusion in it for him to go to the residence and pick up his personal belongings. Davis had no way of knowing that Terrell was lying and put the detail in for service.

Clearly Terrell had no qualms about providing the police with false information after being told no earlier when he requested a civil standby as observed by Sgt. Camara. I found Terrell's strange behavior on arrival all the more alarming when Terrell's focus turned away from collecting his clothing(as stated in the notes of the original detail) to collecting his firearms, which consisted of three handguns (.357, 9mm, .25). Based on the totality of the circumstances, and the fact the affidavit attached to the restraining order complains of Terrell's bizarre behavior and acts of violence, I felt it necessary to seize all three firearms and place them in the custody of the police department as per 12028.5pc. Additionally, the court needs to be petitioned to seek forfeiture of the weapons from Terrell in order to protect Christine. I also placed a non release on Terrell as I believe there is a strong likelihood that Terrell will continue to violate the order if released.

### Physical Evidence:

I placed the three handguns found at the scene into evidence to be held pending a petition to the court to permanently seize them. They consisted of a loaded Sig Sauer P226 9mm semi automatic pistol, a loaded Ravens Arms .25 caliber pistol, and an unloaded Smith and Wesson



.357 magnum. I also attached a copy of the restraining order with this report. A copy of the order and its proof of service was on file with the police department at the time of this incident.

## Crime Scene:

24409 Soto Road. Terrell was found by Nishita in the driveway area of this complex not more than forty feet away from the apartment.

## Witness Testimony:

Officer Nishita can testify to the narrative of this report. Sgt. Camara can testify to being aware of an earlier request by Terrell for a civil standby and refusing the request because it would be illegal.

Christine San Pedro can testify to being contacted by police and being told her Terrell was downstairs asking to come up, and to showing the order to me (see statement taken by Nishita).

## Suspect Statement:

During transport into the police station Terrell told me he was not interested in speaking to me regarding the incident. I did not try to question him further.



## Case Status:

Cleared by arrest.

**Original**        **Officer Edwards**        **Page 3**                    **95-31639**

**How can a personnel complaint be made?**

A complaint may be made by telephone, by mail, or in person. The complaint may be made at the police department, or another mutually convenient location. The department is primarily interested in learning of your concerns about police misconduct or a need for improvement in our delivery of services.

**When can a complaint be made?**

A complaint may be made 24 hours a day. During normal business hours the complaint may be submitted to the Internal Affairs Unit at Hayward Police Department by calling 293-7059. After normal business hours, a personnel complaint may be registered with any supervisor or the on-duty Watch Commander, or by calling 293-7051.

**What happens after I file a complaint?**

The complaint is received and documented. The formal complaint will be investigated by a supervisor and reviewed by the Chief of Police and his staff. The Chief or Division Commander will make final determination on all formal complaints. The complainant will be notified in writing concerning the disposition of the complaint.

---

*Note: I have now lost approximately $3,000 in weapons, due to illegal procedures employed by Hayward Police Officers.*

We both worked the Acorn Housing Complex in Oakland— Nonetheless, I told him I needed my Sig Sauer 9mm, bullet resistance vest, web gear, and clothing for job interview. He said; I have to call for back-up if you are picking up a gun— I said; "I understand." I also told him about two other guns — He ask; Why not get all 3"? I said; "I only need one for the job". Nonetheless, Officer Edwards given on site, and detained me until, officer Nishita returned from my apartment with permission (for me to get my items) and a copy of my restraining order- As instructed by Officer Edwards— Officer Edwards, prior to the return of Officer Nishita, had informed me that I was in violation of my restraining order— And after a very brief discussion with Officer Nishita, I was escorted into my apartment. Officer Edwards announced over the radio '5151'- then told me I was under arrest for violating my restraining order — Now on Oct 28 95 another H/PD Officer who drove escort vehicle, squeeze my left testical

SIGNED BY: _____

REPORT RECEIVED BY: _____

DATE/TIME: _____

(2)        *SEE accompaning Criminal Reports*

# CALIFORNIA COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING

43199

★ ★ ★ SAVE — OFFICIAL NOTIFICATION ★ ★ ★

THIS NOTICE CERTIFIES THAT YOU HAVE SUCCESSFULLY COMPLETED
THE FOLLOWING COURSE PURSUANT TO SECTION 832(a), PENAL CODE:

COURSE: POWERS OF ARREST
NOTICE NUMBER: A0035363
COURSE LENGTH: 40 Hours
COMPLETION DATE: March 12, 1993
SSN: 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
PRESENTER: OHLONE COMMUNITY COLLEGE

TERRELL EUGENE
22650 MAIN STREET
HAYWARD, CA 94541-5112

NOTICE TO
EMPLOYERS:

APPLICANT
MUST PRESENT
THE ORIGINAL

DO NOT ACCEPT
PHOTOCOPY OF
THIS DOCUMENT

>>>>> SEE REVERSE <<<<<

★ ★ ★ ★ THIS ORIGINAL NOTICE, IS THE PROPERTY OF THE ADDRESSEE ★ ★ ★ ★

EMPLOYER: YOU MAY PHOTOCOPY THIS NOTICE FOR YOUR RECORDS ONLY



Bureau of Security and
Investigative Services
400 R STREET, SUITE 3040
SACRAMENTO, CA 95814
(916) 445-7386

EXPIRATION 03/

RECEIPT NO.
00100533

PERMIT FOR EXPOSED FIREARM
QUALIFIED TO CARRY .38 .357 9MM

GUARD REGISTRATION CARD
EUGENE TERRELL
24409 SOTO ROAD #7
HAYWARD CA 94544

Signature

PPFG 05/18/94



STATE OF CALIFORNIA
DEPARTMENT OF
Consumer Affairs

Bureau of Consumer and
Investigative Services
400 R STREET, SUITE 2001
SACRAMENTO, CA 95814-6234
(916) 445-7366

GUARD REGISTRATION
ADDITIONAL PERMIT REQUIRED TO CARRY FIREARM
REGISTRATION G 530686
EXPIRATION 02/21
EUGENE TERRELL
24405 SOTO RD #7
HAYWARD CA 94544

Signature

PPG 02/08/91

RECEIPT #
00111140

JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**

Eugene Terrell

**DEFENDANTS**

State of California

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
         TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "T" IN ONE BOX ONLY)

1. U.S. Government
   Plaintiff

2. U.S. Government
   Defendant

3. Federal Question
   (U.S. Government Not a Party)

4. Diversity
   (Indicate Citizenship of
   Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "T" IN ONE BOX FOR PLAINTIFF

(For diversity cases only)                                     AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business in This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. ORIGIN (PLACE AN "T" IN ONE BOX ONLY)

1. Original
   Proceeding

2. Removed from
   State Court

3. Remanded from
   Appellate Court

4. Reinstated or
   Reopened

5. Transferred from
   Another district
   (specify)

6. Multidistrict
   Litigation

7. Appeal to
   District Judge from
   Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "T" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury | 620 Other Food & Drug | 423 Withdrawal | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product | Med Malpractice | 625 Drug Related Seizure of | 28 USC 157 | 430 Banks and Banking |
| 140 Negotiable Instrument | Liability | 365 Personal Injury | Property 21 USC 881 | | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment | 320 Assault Libel & | Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 460 Deportation |
| & Enforcement of Judgment | Slander | 368 Asbestos Personal | 640 RR & Truck | 820 Copyrights | 470 Racketeer Influenced and |
| 151 Medicare Act | 330 Federal Employers | Injury Product Liability | 650 Airline Regs | 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability | **PERSONAL PROPERTY** | 660 Occupational | 840 Trademark | 810 Selective Service |
| Student Loans (Excl Veterans) | 340 Marine | 370 Other Fraud | Safety/Health | | 850 Securities/Commodities/ |
| 153 Recovery of Overpayment | 345 Marine Product | 371 Truth In Lending | 690 Other | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | Liability | 380 Other Personal | **LABOR** | 861 HIA (1395ff) | 875 Customer Challenge |
| 160 Stockholders Suits | 350 Motor Vehicle | Property Damage | 710 Fair Labor Standards Act | 862 Black Lung (923) | 12 USC 3410 |
| 190 Other Contract | 355 Motor Vehicle | 385 Property Damage | 720 Labor/Mgmt Relations | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | Product Liability | Product Liability | 730 Labor/Mgmt Reporting & | 864 SSID Title XVI | 892 Economic Stabilization |
| | 360 Other Personal Injury | | Disclosure Act | 865 RSI (405(g)) | Act |
| | | | 740 Railway Labor Act | | 893 Environmental Matters |
| | | | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 894 Energy Allocation Act |
| | | | 791 Empl.Ret. Inc. Security | | 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Act | 870 Taxes (US Plaintiff or | Act |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence | | Defendant | 900 Appeal of Fee |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | | 871 IRS - Third Party | Determination Under |
| 230 Rent Lease & Ejectment | 443 Housing | 530 General | | 26 USC 7609 | Equal Access to Justice |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | | 950 Constitutionality of State |
| 245 Tort Product Liability | 440 Other Civil Rights | 540 Mandamus & Other | | | Statutes |
| 290 All Other Real Property | | 550 Civil Rights | | | 890 Other Statutory Actions |
| | | 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC 1981 & 1983 (Constitution 1, 4, 11, 14
Amendment Rights - Government's failure To Obey the Laws

## VII. REQUESTED IN     CHECK IF THIS IS A CLASS ACTION     DEMAND $ 850,000,000     CHECK YES only if demanded in complaint:
**COMPLAINT:**     UNDER F.R.C.P. 23                                                          JURY DEMAND:    YES    NO

## VIII. RELATED CASE(S) IF ANY     PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "T" IN ONE BOX ONLY)     SAN FRANCISCO/OAKLAND     SAN JOSE

DATE March 4, 2008     SIGNATURE OF ATTORNEY OF RECORD