E-filing

1  Eugene Terrell
   439 Douglas Avenue
2  Oakland, Ca. 94603

3

FILED

4              UNITED STATES DISTRICT COURT

MAR - 4 2008
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

5                      FOR THE

6          NORTHERN DISTRICT OF CALIFORNIA

7                                    )
   Eugene Terrell,                   )   Case No.:
8                                    )
                                     )   **C08-01273**
   Engineering Theoretical Technologies )
9  Research & Development Publications )
   (ETT-R&D Publications)            )
10 439 Douglas Avenue, Oakland, Ca. 94603, )
                                     )   **MOTION AND NOTICE FOR**
                                     )   **MANDATORY INJUNCTIVE RELIEF**
11        Plaintiff,                 )
                                     )   Demand: $3,500,000
12                                   )
                                     )   FCRP 56, Calif.Code.Civ.Proc.
13           vs.                     )   Section 525 – 534
                                     )
14                                   )   42 U.S.C. 1983, Sherman Act –
                                     )   15 U.S.C. § 1 (1970), US
15 State of California Office of the Attorney )  Constitutional 5th and 14th
   General Edmund G. Brown Jr.       )   Amendment Rights
16                                   )
   Office of the District Attorney;  )   California CIVIL CODE SECTION –
17 1225 Fallon Street, Room 900,     )   52.1. (a) and (b)
   Oakland, CA 94612                 )
18                                   )   JURISDICTION; TITLE 28 PART IV
   Office of the United States Attorney, )  CHAPTER 89 Section 1443 (1) (2)
19 Attorney General Michael Mukasey; )
                                     )   VENUE; TITLE 28 PART IV CHAPTER
20 Office of the United States Attorney, )  87 Section 1391 (b)(1), (e)(1)
   1301 Clay Street, Suite 340S,     )
21 Oakland, CA 94612                 )
                                     )   Dated this 28th day of February, 2008
22                                   )
                                     )
23        Defendants                 )
                                     )   Attorney – In Pro Per; Eugene Terrell
24                                   )
                                     )   439 Douglas Avenue
25                                   )   Oakland, Ca. 94603
                                     )   Ph: 510-636-9885

MOTION AND NOTICE FOR MANDATORY INJUNCTIVE RELIEF - 1

1  Notice is hereby given to all parties that on or before 31st of

2  March 2008, or as soon as the Motion for MANDATORY INJUNCTIVE

3  RELIEF can heard, {brought before the Justices of the US District

4  Court for the Northern District of California} in which the

5  Plaintiff seeks an Order for relief.

6

7  Note; It is behooving to mention to all Parties and the Court,

8     Hayward Police Station was authorized to serve as the

9     Child exchange point, [between the Plaintiff and Mrs.

   Christina San Pedro] for the purpose of Court Ordered

10    Visitation.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# INTRODUCTION

I, the Plaintiff, was continuously asking for help, in all matters concerning the false charge of Domestic Violence. In fact, I tried, in every way, not to do anything without permission, either from Hayward Police Department, or California Family Court Services. Moreover, I contacted the Office of the United States Attorney and Federal Bureau of Investigation, to report matters pertaining to Racial Discrimination. However, in all situations, it did not seem to matter, because I was either arrested or threaten with harm.

Nevertheless, I was unemployed, living in a Hotel in Hayward, and had very little cash reserves. In fact, I had only recently lost my position, as a Help Desk Representative for a Computer Company, in San Mateo California. Nonetheless, I contacted a former employer, a Security Company in San Francisco, ask for employment, and received a job offer as an Armed Security Officer. Yet, all of my equipment was still in my apartment, where Ms. Christine San Pedro was now living. So, I requested, and received, a Civil Stand-by from Hayward Police Department. And while I informed the desk officer of my equipment needs, my weapons, vest, and all of the miscellaneous gear, and followed the police orders, parking and waiting in my vehicle near Winton Avenue, until the Police arrived. When the Police Officers did

1  arrive, I was escorted, with Ms. San Pedro's permission, into my
2  apartment, and then, without provocation, I was Arrested in
3  violation of a TRO.

4

5  In other words, at the time, I had been to court at least once,
6  and Ms. San Pedro had been given custody of our child, Yahnay
7  Kristine Terrell, and even thought it was known, she had at
8  least one Husband. Ms. San Pedro had requested and received a
9  Restraining Order, claiming that she was in Fear for her Life;
10 afraid that I was going to do harm to herself and her children.

11

12 Needless to say, I was confused, and because I was certified
13 under California Penal Code Section 832. I inquired of the
14 Arresting Officer, what I had done for my Arrest to be possible,
15 or legal, for that matter. In other words, I had asked for, and
16 received a Civil Stand-by from Hayward Police Department. And I
17 followed all of their instructions, which included informing the
18 Desk Officer that I needed my weapons, vest, and security
19 equipment for a position of employment. Now, I ask the Justices
20 of the Court. If the Police believe Ms. San Pedro allegations,
21 why didn't they tell me? Why didn't just tell me I could not
22 have my Security gear, and ask that I surrender my weapons to
23 them? Clearly, if they had done this, I would have given it to
24 them, because I did not want any trouble. I just needed a JOB!
25 And in truth, I would not have done anything to chance the

1  possibility of loosing my parental rights. Moreover, since I

2  were granted a Civil Stand-By, by Hayward Police Department. I

3  ask the Justices of the Court; how then, is it possible that I

4  was arrested for violating a Restraining Order? This is, in

5  other words, clear and unquestionable evidence, proof of a

6  Criminal Conspiracy, whose purpose and intent was the violation

7  of the Plaintiffs Civil and Constitutional Rights.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# PARTIES

1) Plaintiff; Eugene Terrell, owner and Principle Director of
   Research and Development, since 1994, of Engineering
   Theoretical Technologies – Research and Development
   Publications.

2) Defendant(s);

   a. United States Government

      1) Federal Bureau of Investigation

      2) Special Agent Jim R. Freeman

      3) Office of the United States Attorney

   b. State of California

   c. City of Hayward

      1) Hayward Police Department

      2) Diana Davis (HPD Dispatcher)

      3) Police Officer Edwards

      4) Police Sgt. Camara

      5) Police Officer Nishita

1

## LEGAL BACKGROUNG

2

3   "The Equal Protection Clause of the 14th amendment of the U.S.
4   Constitution prohibits states from denying any person within its
5   Jurisdiction the equal protection of the laws.
6   See U.S. Const. amend. XIV.

7

8   In other words, the laws of a state must treat an individual in
9   the same manner as others in similar conditions and
10  circumstances. A violation would occur, for example, if a state
11  prohibited an individual from entering into an employment
12  contract because he or she was a member of a particular race.
13  The equal protection clause is not intended to provide
14  "equality" among individuals or classes but only "equal
15  application" of the laws. The result, therefore, of a law is not
16  relevant so long as there is no discrimination in its
17  application. By denying states the ability to discriminate, the
18  equal protection clause of the Constitution is crucial to the
19  protection of civil rights. See Civil Rights and Discrimination.
20

21  Generally, the question of whether the equal protection clause
22  has been violated arises when a state grants a particular class
23  of individuals the right to engage in activity yet denies other
24  Individuals the same right."

25

1

## FACTUAL BACKGROUND

2

3   I am a Research Scientist, with an educational, and work related
4   background experience, in such diverse fields as Chemistry,
5   Computer Science, Mathematics, and Physics (Theoretical,
6   Nuclear, High Energy, and Particle Physics). And, I am also an
7   accomplished Researcher, having authored several written works,
8   which includes an association with University of Chicago (Dr.
9   William Myers, Professor of Mathematics), Kennedy King College
10  (Professor Hicks, Professor of Mathematics), the Federal Bureau
11  of Investigation, United States Department of Energy, and the
12  Internet Engineering Task Force. And more importantly, my work
13  is known, at least in many parts, if not, all over the world.
14  However, because of the Race issues, which are still prevalent
15  in this country, I needed to use the Security Field as my
16  primary position for employment.

17

18  However, when I contacted the Office of the United States
19  Attorney (Oakland Office), seeking help in these matters, I was
20  told; "…you had better keep your mouth shut, because you have a
21  Bulls Eye on your Chest…" Furthermore, I also contacted the
22  Oakland and Chicago (Agent Frank King) Office of the Federal
23  Bureau of Investigation, asking for help, and informing them of
24  the acts of Racial Discrimination, in which I was being denied
25  Civil and Constitutional Rights. However, the Chicago Office of

1  the F.B.I. could only advice me of the procedures for contacting
2  the F.B.I. Office in Oakland California. But, this proved to be
3  a waste of time, because they acted as if I had committed some
4  Federal Crime, and later wrote a letter saying that there was no
5  merit to the allegations of Race Discrimination.

7  In any case, what should be quite clear to the Justices of the
8  Court is that, I lost everything, as a direct result of this
9  Illegal Arrest. Because it compounded matters in such a way,
10  that made any hope of Recovery, without the intervention by the
11  United States Courts, impossible.  And to make matters worse,
12  this Arrest, further exacerbated my dilemma, because it provided
13  support Ms. San Pedro's allegations. However, the Arresting
14  Officer's Police Incident Report, because the Arrest was
15  acknowledged as being wrong, did not provided Judge Dawn B.
16  Girard with the necessary reasons to issue a Court Order
17  allowing Hayward Police Officers to Confiscate my Weapons.

19  In other words, the Arresting Officer, from Hayward Police
20  Department, acknowledged that the Arrest was wrong and illegal!
21  And this, needless to say, is corroborated by the written
22  information in the Arresting Police Officer's Incident Report.
23  Hence, the Arrest was without any doubts, was in fact, ILLEGAL.

1  And more importantly, since I filed and obtained a Business
2  Permit with the City of Hayward, there should be No questions
3  that the Criminal Conspiracy resulting from this Illegal Arrest,
4  has cause a serious impact, which prevents the Operation, and
5  obtaining help with my Business; and all of the concerns
6  pertaining thereto.

8  CLEARLY, IT CANNOT BE SAID, RACIAL DISCRIMINATION, THE CAST
9  SYSTEM OF A MONARCHY, ONLY SERVES TO PROMOTE THE BELIEFS IN A
10 SUPERIOR RACE. That is, ANY DISCRIMINTORY PRACTICE, against
11 anyone, the HARMFUL EFFECTS it maintains TRANSENDS WELL BEYOND
12 RACE HATRED, BECAUSE IT PROMOTES LIES AND DECET; IT PREVENTS
13 TEACHING THE TRUTH.

15 In other words, because my Business and Research has
16 significance to, and must be communicated to the entire World,
17 and I was denied the Rights defined by Law, 'In Furtherance of
18 Criminal Conspiracy', which are being enjoyed by White
19 Americans. These Acts constitute a Violation of the
20 Sherman Act - 15 U.S.C. § 1 (1970).

## Damages - 10+ year period Loss of Employment and Income

1) California Code of Civil Procedure - SECTION 512.010-512.120

a) Injunctive Relief  - $3,500,000

1) (1) Honda Accent 1998 - $10,000 plus tax

2) Apartment, Furniture, Computer Equipment, Tools, Jewelry, Licenses/Permits, Drivers license, and Income

3) Compounding Debt Interest - Outstanding Debt Losses

4) Damages - Hayward Police Services Denial; Refused to Report and Investigation the Accident involving my Parked Rental Automobile

b) Or the Sum, equaling the current cost, as would be the Determination for the loss of these items $\approx$ $3,500,000

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court issues an Order to the Office of the United States Attorney, F.B.I., the State of California, the City of Hayward, and Hayward Police Department to:

1) Pay the Plaintiff the Sum of $3,500,000.

2) And if, upon any finding of Fact that Discrimination is indeed the prevalent issue. The Plaintiff request that the Court Penalize the Named Defendants as prescribed by California CIVIL CODE SECTION - 52.1. (a) an-d (b), which requires each of the Defendants to pay an additional amount of $25,000 to the Plaintiff.

# Supplemental – Table of Authority

## U.S. Codes / Federal and California State Laws

### US Constitutional 4th and 5th Amendment Rights

**Amendment IV**

<u>Note</u>: I was certified under California Penal code Section 832. Furthermore, I called the Police and ask that they escort Mrs. Christine San Pedro from my apartment, because she said; "... I'm leaving you in 2 months, because I have another man." So. Where is the Probable cause?

The right of the people to be secure in their persons, houses, papers, and effects, <u>against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized</u>.


**Amendment V**

<u>Note</u>: I have never been before the Court for the Illegal use of a Gun, or any other weapon for that matter. So. How can my work tools be confiscated, and maintained, without Due Process?

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to

1   be twice put in jeopardy of life or limb; nor shall be compelled

2   in any criminal case to be a witness against himself, nor be

3   deprived of life, liberty, or property, without due process of

4   law; nor shall private property be taken for public use, without

5   just compensation.

## Case Law Decisions

Weeks v. United States, 232 U. S. 383 (1914)

ELKINS V. UNITED STATES, 364 U. S. 206 (1960)

WOLF V. COLORADO, 338 U. S. 25 (1949)

Specifically note, while there has been many injustices
committed against the people by the Government, and given that,
it is not my desire or wish, to see anyone unjustly punished.
However, I am well aware, the very nature of the animal
instincts for survival, in all of us, prevents anyone from ever
claiming absolute innocence, or the righteous indignation liken
to some Religious Sect claiming the knowledge and the beliefs in
God. In other words, there does not seem to ever have been a
Case of Record, in which a wrongful punishment was acknowledged,
and the Government admitted that a Constitutional Violation had
been made. Hence, I believe this case will probably set
precedence. Even still, what should be quite clear to the
Justices of the Court however, is that, the Complaint outlined
by this Motion is indeed, a 14th Amendment Constitutional Right

1  Violation. In any case, the closest case of record I could find,

2  is given below:

3

4  U.S. Supreme Court - MAPP v. OHIO, 367 U.S. 643 (1961)
   367 U.S. 643 - MAPP v. OHIO.
5  APPEAL FROM THE SUPREME COURT OF OHIO. - No. 236.
   Argued March 29, 1961. -- Decided June 19, 1961.
6

7

8  There are those who say, as did Justice (then Judge) Cardozo,

9  that under our constitutional exclusionary doctrine "[t]he

   criminal is to go free because the constable has blundered."

10 People v. Defore, 242 N. Y., at 21, 150 N. E., at 587. In some

11 cases this will undoubtedly be the result. 9 But, as was said in

12 Elkins, "there is another consideration - the imperative of

   judicial integrity." 364 U.S., at 222. The criminal goes free,

13 if he must, but it is the law that sets him free. Nothing can

14 destroy a government more quickly than its failure to observe

15 its own laws, or worse, its disregard of the charter of its own

   existence. As Mr. Justice Brandeis, dissenting, said in Olmstead
16
   v. United States, 277 U.S. 438, 485 (1928): "Our Government is
17 the potent, the omnipresent teacher. For good or for ill, it

18 teaches the whole people by its example. … If the Government

19 becomes a lawbreaker, it breeds contempt for law; it invites

20 every man to become a law unto himself; it invites anarchy." Nor

   can it lightly be assumed that, as a practical matter, adoption
21 of the exclusionary rule fetters law enforcement. Only last

22 year this Court expressly considered that contention and found

23 that "pragmatic evidence of a sort" to the contrary was not

   wanting. Elkins v. United States, supra, at 218.
24

25

1  The ignoble shortcut to conviction left open to the State tends
2  to destroy the entire system of constitutional restraints on
3  which the liberties of the people rest. 11 Having once
   recognized that the right to privacy embodied in the Fourth
4  Amendment is enforceable against the States, and that the right
5  to be secure against rude invasions of privacy by state officers
6  is, therefore, constitutional in origin, we can no longer permit
7  that right to remain an empty promise. Because it is enforceable
   in the same manner and to like effect as other basic rights
8  secured by the Due Process Clause, we can no longer permit it to
9  be revocable at the whim of any police officer who, in the name
10 of law enforcement itself, chooses to suspend its enjoyment. Our
11 decision, founded on reason and truth, gives to the individual
   no more than that which the Constitution guarantees him, to the
12 police officer no less than that to which honest law enforcement
13 is entitled, and, to the courts, that judicial integrity so
14 necessary in the true administration of justice. The judgment of
15 the Supreme Court of Ohio is reversed and the cause remanded for
   further proceedings not inconsistent with this opinion.
16

17

18 Weeks v. United States, 232 U. S. 383 (1914)

19

20 Syllabus

21

22 Under the Fourth Amendment, Federal courts and officers are
   under such limitations and restraints in the exercise of their
23 power and authority as to forever secure the people, their
24 persons, houses, papers and effects against all unreasonable
25 searches and seizures under the guise of law.

The protection of the Fourth Amendment reaches all alike, whether accused of crime or not; and the duty of giving it force and effect is obligatory on all entrusted with the enforcement of Federal laws.

The tendency of those executing Federal criminal laws to obtain convictions by means of unlawful seizures and enforced confessions in violation of Federal rights is not to be sanctioned by the courts which are charged with the support of constitutional rights.

The Federal courts cannot, as against a seasonable application for their return, in a criminal prosecution, retain for the purposes of evidence against the accused his letters and correspondence seized in his house during his absence and without his authority by a United States marshal holding no warrant for his arrest or for the search of his premises.

While the efforts of courts and their officials to bring the guilty to punishment are praiseworthy, they are not to be aided by sacrificing the great fundamental rights secured by the Constitution.

NOTE: I was never given, nor was there ever a Warrant issued, that would allow for, or provide the legal grounds Authorizing / Justifying any Search, and or, Seizure of my Property. And more importantly, there was No Crime or Criminal Trial involving the use of a Weapon, which would Justify this Criminal Act. In fact, I had an offer for a JOB, a position of employment as an Armed Security Officer, with WSB Security Services of San Francisco.

1  State of California; CIVIL CODE SECTION 43-53

2  Section 52.1

3

4    (a) If a person or persons, whether or not acting under color
5  of law, interferes by threats, intimidation, or coercion, or
6  attempts to interfere by threats, intimidation, or coercion,
7  with the exercise or enjoyment by any individual or individuals
8  of rights secured by the Constitution or laws of the United
9  States, or of the rights secured by the Constitution or laws of
10  this state, the Attorney General, or any district attorney or
11  city attorney may bring a civil action for injunctive and other
12  appropriate equitable relief in the name of the people of the
13  State of California, in order to protect the peaceable exercise
14  or enjoyment of the right or rights secured.  An action brought
15  by the Attorney General, any district attorney, or any city
16  attorney may also seek a civil penalty of twenty-five thousand
17  dollars ($25,000).  If this civil penalty is requested, it shall
18  be assessed individually against each person who is determined
19  to have violated this section and the penalty shall be
20  awarded to each individual whose rights under this section are
21  determined to have been violated.

22

23

24

25

1    (b) Any individual whose exercise or enjoyment of rights
2   secured by the Constitution or laws of the United States, or of
3   rights secured by the Constitution or laws of this state, has
4   been interfered with, or attempted to be interfered with, as
5   described in subdivision (a), may institute and prosecute in his
6   or her own name and on his or her own behalf a civil action for
7   damages, including, but not limited to, damages under Section
8   52, injunctive relief, and other appropriate equitable relief to
9   protect the peaceable exercise or enjoyment of the right or
10   rights secured.

11

12   **TITLE 15 CHAPTER 1 Section 1**

13   **Trusts, etc., in restraint of trade illegal; penalty**

14

15   Every contract, combination in the form of trust or otherwise,
16   or conspiracy, in restraint of trade or commerce among the
17   several States, or with foreign nations, is declared to be
18   illegal. Every person who shall make any contract or engage
19   in any combination or conspiracy hereby declared to be illegal
20   shall be deemed guilty of a Felony, and, on conviction thereof,
21   shall be punished by fine not exceeding $100,000,000 if a
22   corporation, or, if any other person, $1,000,000, or by
23   imprisonment not exceeding 10 years, or by both said
24   punishments, in the discretion of the court.

25

1    California Constitution

2    Article 1 - Declaration of Rights - Section 28

3

4    The rights of victims pervade the criminal justice system,

5    encompassing not only the right to Restitution from the

6    wrongdoers for financial losses suffered as a result of criminal

7    acts, but also the more basic expectation that persons who

8    commit Felonious acts causing injury to innocent victims will be

9    appropriately detained in custody, tried by the courts, and

10   sufficiently punished so that the public safety is protected

11   and encouraged as a goal of highest importance.

12

13   Actions of Officers or Employees of a State or Territory are

14   deemed to be Under the Color of the Law if the Alleged

15   Deprivation of Right is Committed in fulfillment of Tasks

16   Assigned to them. Stern v. Massachusetts Indem & Life Ins. Co.

17   (DC Pa) 365 F Supp 433.

18

19   Conspiracy to Violate Federal Rights; 15 Am Jur 2d Section 21.

20   Lewis v. Brautigam (CA5 Fla) 227 F2d 124, 55 ALR2d 505.

21

22

23   Violation of 18 USCS 245, 42 USCS 1985(3), 42 USCS 1983, 1nd 42

24   USCS 1981

25

1  Demand for Relief and Injunctive Relief; Action v. Gannon (CA8

2  MO) 450 F2d 1227.

3

4  [To justify a Mandatory Injunction, there must be a reasonable

5  probability of Irreparable injury… I've already lost

6  everything!] United States v. Bigan (DC Pa) 170 F Supp 219, affd

7  (CA3) 274 F2d 729.

8

9  Racial Discrimination, 'Deliberate Indifference': Violation of

10 the Eighth Amendment.

11

12 Breach of Mandatory Duty – Roseville Community Hospital v. State

13 (App 3 Dist 1977) 141 Cal Rptr 593, 74 Cal App 3d 583.

14

15 Public Entity is Liable – Kisbey v. State (1984) 204 Cal Rptr

16 428, 36 Cal 3d 415, 682 P2d 1093.

17

18 Unlawful Violation of a Right – Keith v. Texas & P.R. Co., 14 La

19 App 290, 129 So. 190, 194.

20

21

22

23

24

25

1

2

3

4

5

6

# Evidence Section

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

FAX NO. 602345:5402    **683**    P. 02

**AMERICREDIT**
100 W. Grove Pk.
empe, AZ  85283
00-411-2802 Col
88-261-5679 Fax

**DEALER NAME**
Hayward Dodge

**DEALER NUMBER** 410025 **DATE** 2 / 5 / 98

**ACCOUNT NUMBER** 40140 7267

**REPOSESSION ATTEMPT COVER SHEET**

**CUSTOMER NAME** Severly

**STREET ADDRESS** 24404 S

**EMPLOYER NAME/ADDR**

**CUSTOMER SS#** 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

**CITY** #7 Hayward

**RESIDENCE TELEPHONE** (510) 531-241?

**STATE** CA **ZIP** 94545

**EMPLOYER TELEPHONE**

TCC TERRORIST - P.SS Delpccus

**CO-BUYER NAME** EUGENE

**CO-BUYER STREET ADDR** SAME

**CO-BUYER SS#** 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

**CITY** LESS AS ABOVE

**RESIDENCE TELEPHONE** SAME #

**STATE** **ZIP**

**VEHICLE:**
**YEAR** 1997
**COLOR** NONE
**MAKE** HNDAI **MODEL** Accent
**KEYS** YES ✓ NO
**VIN** KMHVD14L/V108248110

**NOTE INFORMATION**
**CONTRACT DATE** 3-22
**RATE** 04.16 **DATE DELINQUENT** 52 **PAST AMOUNT DUE** 633.72 **DATE LAST PAID** 12/18/9?

**SPECIAL INSTRUCT** Please call CALL For

**AGENT:** law.isto before pickinis up vehicle! *

**AGENT** Hill
**REPO FEE$** $300
**ACCT REF** L C

**TELEPHONE** 510-606-7346
**FAX**
**EXTENSION** 37169
**VOL.** **INVOL** X
**AFTER HOURS**

**RESULTS:**
3 XD
∅ X90

**DATE FILE RECEIVED**
**DATE REPO'D**
**COLLECTOR ID**
**REASON CODE**

**CURR RATE** NC
EC'd — CoU 2 sent 12/5/97

**# OF PAYMENTS** ∅
**PAYMENTS** ∅ **RT MAIL** ∅

**DAYS DELINQUENT**
**MILEAGE**
**LOCATION OF UNIT**

3 2/12/98

**COLLECTION SUP** 2712L
**APPROVAL** 2:15pm 9:mam
Cu 2/14/98
**COLLECTION MANAGER APPROVAL**

**683**

ATTORNEY, OR PARTY WITHOUT ATTORNEY *(Name and Address)*:    **TELEPHONE NO.:**    FOR COURT USE ONLY

Christine M. San Pedro
24409 Soto Rd.
Hayward, Ca 94544

**ATTORNEY FOR** *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

**STREET ADDRESS:**        ALAMEDA COUNTY
**MAILING ADDRESS:**       1225 FALLON STREET
**CITY AND ZIP CODE:**     OAKLAND, CA 94612
**BRANCH NAME:**

| ENDORSED |
| FILED |
| ALAMEDA COUNTY |

**NOV 09 1995**

CLERK OF THE SUPERIOR COURT
By Malkai Begum

PERSON TO BE PROTECTED: Christine M. San Pedro.

☐ PETITIONER/PLAINTIFF
☐ RESPONDENT/DEFENDANT

PERSON TO BE RESTRAINED: Eugene Terrell

☐ PETITIONER/PLAINTIFF
☐ RESPONDENT/DEFENDANT

**CASE NUMBER:**

### RESTRAINING ORDER AFTER HEARING (CLETS)
(Domestic Violence Prevention)

758699-c    #42

*This form may be used in conjunction with the Findings and Order After Hearing form (rule 1296.31) if the court makes additional orders.*

his proceeding was heard
on *(date)*: NOV 0 9 1995    at *(time)*: 8:30 am in Dept.: 3 _    Room:
by judge *(name)*:        ☐ Temporary Judge

2. a. ☐  Petitioner/plaintiff and respondent/defendant were personally present at the court hearing. No additional proof of service
of these restraining orders is required.
☒  Petitioner/plaintiff was personally present and proof of service of the Order to Show Cause was provided.

THE COURT FINDS

3. a. The restrained person is *(name)*: Eugene Terrell

| Sex: ☒ M   ☐ F   Ht.:___   Wt.:___   Hair Color:___   Eye Color:___   Race:_____   Age:___   Date of birth: _____ |

b. The protected person is *(name)*: Christine M. San Pedro

c. The protected family and household members are *(names)*: yahnay Terrell

THE COURT ORDERS

THIS ORDER, EXCEPT FOR ANY AWARD OF CHILD CUSTODY OR VISITATION, SHALL EXPIRE AT MIDNIGHT ON
*(date)*:    11-9-98

4. The restrained person
a. shall **not** contact, molest, attack, strike, threaten, sexually assault, batter, telephone, or otherwise disturb the peace of the protected
person ☒ and family or household members.
b. ☒  shall stay at least 100 yards away from the protected persons and
(1) ☒  protected person's residence
(2) ☒  protected person's workplace
(3) ☒  protected person's children's school or child care
(4) ☒  other *(specify)*: _ Vehicle

☐  except as provided in item 5b (visitation).
c. ☐  shall ~~immediately~~ move from *(address)*:
and take only personal clothing and effects.

* *Taking or concealing a child in violation of this order may be a felony and punishable by confinement in state prison, a fine, or both.*
* *Any person subject to a restraining order is prohibited from obtaining or purchasing or attempting to purchase a firearm by
Penal Code section 12021. Such conduct may be a felony and punishable by a $1,000 fine and imprisonment.*
* *Other violations of this order may also be felonies punishable by fines or imprisonment, or both.*

(Continued on reverse)

Form Adopted by Rule 1296.29
Judicial Council of California
1296.29 [Rev. January 1, 1994]

RESTRAINING ORDER AFTER HEARING (CLETS)
(Domestic Violence Prevention)

Family Code, § 6200 et seq.

| PERSON TO BE PROTECTED *(Name)*: San Pedro | CASE NUMBER: |
|---|---|
| PERSON TO BE RESTRAINED *(Name)*: Terrell | 758699-0 |

5. a. ☒ Custody of the minor children

|  | Child's name | Physical custody is awarded to *(specify name of parent or "joint")* | Legal custody is awarded to *(specify name of parent or "joint")* |
|---|---|---|---|
| (1) | Johnay Terrell | Christine San Pedro | Christine San Ped |
| (2) | | | |
| (3) | | | |
| (4) | | | |
| (5) | | | |
| (6) | | | |

b. Parent without physical custody *(name)*: Eugene Terrell
   (1) ☒ shall not have visitation
   (2) ☐ shall have visitation as follows *(specify times and conditions, if any)*:

6. ☐ Fees for service of this order by law enforcement agencies are waived.

7. By the close of judicial business on the date of this order, a copy of this order shall be delivered by the protected person to the law enforcement agency having jurisdiction over the residence of the protected person, who shall provide information to assist in identifying the restrained person. Proof of service of this order on the restrained person shall also be provided to the law enforcement agency unless the order shows the restrained person was present in court. The law enforcement agency having jurisdiction over the plaintiff's residence is *(name and address of agency)*:

   Oakland Police

8. ☐ A copy of this order shall be given to the additional law enforcement agencies listed below as follows:
   (1) ☒ Person to be protected shall deliver.    (2) ☐ Person to be protected's attorney shall deliver.
   (3) ☐ The clerk of the court shall mail.

   Law enforcement agency          Address
   Hayward Police Dept

9. Other orders *(specify)*:

Date: ▶ SK MD

                                    JUDGE OF THE SUPERIOR COURT

*This order is effective when made. It is enforceable anywhere in California by any law enforcement agency that has received the order, is shown a copy of it, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If proof of service on the restrained person has not been received, and the restrained person was not present at the court hearing, the law enforcement agency shall advise the restrained person of the terms of the order and then shall enforce it.*

*(SEAL)*                        CLERK'S CERTIFICATE
                I certify that the foregoing Restraining Order After Hearing (CLETS) is a true and correct copy of
                the original on file in the court.

        Date:                      Clerk,                                    , Deputy

1296-28 *(Rev. January 1, 1996)*        RESTRAINING ORDER AFTER HEARING (CLETS)        *page two*

San Pedro vs. Temell  #755699-0

Court orders all weapons possessed or
owned by the Defendant to be turned
over to the Police Dept. The weapons
which have already been confiscated
by the Police to be retained in police
possession until further Court order. Defendant
shall not return to 24409 Soto Rd. Apt 1
in Hayward until further order. Defendant
not to purchase, borrow or possess any
weapon until court allows. Defendant to
turn over the keep to the Apt. and
to the Room where alleged weapons
have been locked, to the Hayward Police
or Alameda sheriffs Dept, so that police
can confiscate the weapons. Court orders matter
cont'd to 12/8/95 @ 8:30 am in Dept 3

NOV 03 1995
Date

DAWN B. GIRARD
Judge of the Superior ct.

☑ COMPLAINT    OR    ☐ COMMENDATION

YOUR NAME: Eugene Terrell    DATE FILED: Dec 5, 1995

HOME ADDRESS: 24409 Soto Road    #7    (Restraining Order - Vacant Apt)

Sister  510-569-1435 /
HOME PHONE: _____ / 510-537-2410    BUSINESS PHONE: _____

SEX: Male    AGE: 44    DATE OF BIRTH: May 9, 1951

WHERE DID THIS OCCUR? At 24409 Soto Rd. #7, Hayward CA 94544

DATE: Oct 27, 1995    TIME: Approx 1930 hours

EMPLOYEES INVOLVED: HPD Dispatcher Ms Diana Davis, HPD Officer
Nishita, HPD Officer Sgt. Camara, HPD Officer Edwards, and
the HPD Office who drove the escort vehicle for the Prisoner
transport vehicle on Oct, 28, 1995 (Officer Espinoza & Sgt. Wright)

DESCRIPTION OF INCIDENT: 2 count Felony Violation of Penal Code 182.3,
violation of Penal Code(s) 236 & 118.1, to include
149 pc.
    (violated Penal Code(s) 182.2, 236, 118.1, and 136.1)

PLEASE PROVIDE THE NAMES, ADDRESSES, AND PHONE NUMBERS OF ANY PERSONS WHO MAY HAVE KNOWLEDGE OF THIS INCIDENT:

NAMES: _____

ADDRESS & PH #: _____

NAMES: _____

ADDRESS & PH #: _____

NAMES: _____

ADDRESS & PH #: _____

## STATEMENT
(START THE NARRATIVE ON THIS PAGE AND CONTINUE ON THE BACK.)

I was Granted a Civil Stand by on Oct 27, 1995 by
HPD Dispatcher Ms Diana Davis (After two attempts - Being
Granted once & Denied once). I followed her instructions because
I had informed her, that I had this 'nut' telling everyone
that I was going to kill her - Nonetheless, two units arrived,
about 15 min apart - Officer Nishita was first on the scene -
We maintained a conversation; he spoke of his Job with
Oakland Housing Authority Police, and I discussed working with
Western Security Bureau as a Security Officer.

## PERSONNEL COMPLAINTS

All police departments in the State of California are required by law to have a process by which a citizen may make a complaint against police personnel. The information in this pamphlet will assist anyone who has occasion to make a complaint against any Hayward Police personnel. Here are some of the questions we frequently encounter regarding our complaint procedures and processes.

### What is a citizen's complaint?

There are two types of personnel complaints. The first is an informal complaint. This complaint is normally handled by the employee's supervisor for minor transgressions and is brought to the employee's attention by the supervisor.

The second type of complaint is the formal complaint. This is for more serious types of transgressions. The formal complaint is lodged with the employee's supervisor, Watch Commander, or Internal Affairs.

### Who can make a complaint?

A personnel complaint may be made by anyone. However, if the complainant is under the age of 18, we require that the complainant be accompanied by a parent or an adult.

Hayward Police Department;

ATTN: Sgt. K. Gross and
'Chief of Police'
Cal home

---

(3)

DATE: October 12, 1995          APProximate Time: 15:30 pm hours

Employee involved: HPD Officer(s) Costakis #391 and a unknown male Officer

On the above date and time, I, Eugene Terrell, did call #911, HPD Emergency, after Mrs Christina M. San Perdo attempted to forceable take my child (Yahnay K. Terrell) away from me. I had refused temporary custody of my child to her mother, because two days before she (Mrs Christina M. San Pedro) refused to except the medication needed by my child. Furthermore, HPD Officer Costakis #391, th did in fact, order me to surrender my child to Mrs. Christina M. San Pedro, even after I made her aware of my beliefs that Mrs Christina M. San Pedro has a psychological problem, and was telling everyone that I was going to kill her. HPD Officer Costakis said I was lying about my concerns recording my child's state of health. But, Mrs Christina M. SanPedro has been sited once for leaving a two month old baby (my child) in an unattented vehicle in the parking lot of Price Club, in Hayward; and herself, has told me she has attempted suscide twice. Moreover, it is my belief, That HPD Office Costakis #391, who is the root of the cause for all of my problems concerning this complaint, to include Mrs. Christina M. San Pedro filing a Restraining Order and lying on several Police reports, Depultions, and making false statements to Police in force it! Note; I made a (verbal) report to the HPD Chief's secretary about this incident,

SCANNED
HAYWARD POLICE DEPARTMENT        **INCIDENT REPORT**        HAYWARD, CALIFORNIA

| TYPE OF CRIME | NAME | PFN | D.O.B. | RACE |
|---|---|---|---|---|
| 0. Restraining Ord. | 151 TERRELL, EUGENE | AQT500 | 5-9-51 | B |

| ADDRESS | WORK PHONE | HOME PHONE | SEX |
|---|---|---|---|
| 24409 Soto Road #7 | Hwd | N/P | M |

| TO DA ☐ | FOLLOW UP ☐ | NAME | PFN | D.O.B. | RACE |
|---|---|---|---|---|---|
| COMP ☐ | REQUESTED ☐ | 1V1 San Pedro, Christina Mendoza | | 5-23-55 | O |

| ADDRESS | WORK PHONE | HOME PHONE | SEX |
|---|---|---|---|
| 24409 Soto Road #7 Hwd | | 537-2410 | F |

NO. PERSONS ARRESTED
ADULT 1  JUVENILE 2

| NAME | PFN | D.O.B. | RACE |
|---|---|---|---|
| (W) Ofc. Nishita | | | |

INVESTIGATIVE SUMMARY SUSPECT STATUS
IN CUSTODY ☒  NAMED ☐  DESCRIBED ☐  SEEN ☐  UNKNOWN ☐

| ADDRESS | WORK PHONE | HOME PHONE | SEX |
|---|---|---|---|
| — HPD IN FILE | | | |

| NAME | PFN | D.O.B. | RACE |
|---|---|---|---|
| (W) Sgt. Camara | | | |

SUSPECTS VEHICLE
TOWED ☐  DESCRIBED ☐  SEEN ☐  UNKNOWN ☒

| ADDRESS | WORK PHONE | HOME PHONE | SEX |
|---|---|---|---|
| — HPD IN FILE | | | |

EVIDENCE
FINGERPRINTS ☐  PHOTOS ☐  COMPOSITE ☐  OTHER ☒  ON ☐

TYPE OF PROPERTY: ☒Stolen ☒Recovered
(1) Currency, Notes, Etc.
(2) Jewelry and Precious Metals
(3) Clothing and Furs
(4) Locally Stolen Motor Vehicles
(5) Office Equipment
(6) Televisions, Radios, Stereos, Etc.  N/A
(7) Firearms
(8) Household Goods
(9) Consumable Goods
(10) Livestock
(11) Miscellaneous

CRIME CLASS TRO  BEAT N  CENSUS
TYPE OF PREMISES Apartment
TOOLS-WEAPONS-MEANS USED Body
POINT OF ENTRY Front Door

STOLEN PROPERTY
SERIALIZED ☐  DE? IABLE ☐  ? ☐  NO LOSS ☒

DATE AND TIME REPORTED 10-27-95  1917

VICTIMS INJURIES
VICTIM INJURED ☐  NO INJURY ☒

LOCATION OF OCCURRENCE  24409 Soto Road #7
DATE AND TIME OCCURRED 10-27-95  1950  DAY OF WEEK Fri

VEHICLE USED: — UNKNOWN —

SUSPECT DESCRIPTION / SUSPECTS STATUS / SUMMARY / NARRATIVE
PHYSICAL EVIDENCE / CRIME SCENE / WITNESS ATTEMPTS / WITNESS TESTIMONY
SUSPECT STATEMENT / SUSPECT RECORD / FOLLOW UP / CASE STATUS

PARENTS OR LEGAL GUARDIAN   (W) DAVIS, DIANE (HPD DISPATCHER)
— HPD IN FILE —

SEE ATTACHED SHEETS —

DISPOSITION: JUV HALL ☐ PROTECTIVE CUSTODY ☐ NTA ☐ R&R ☐ CRISIS RECEIVING HOME ☐
CLEARED JUVENILE ☐ UNUSUAL ☐ JUV. BOOKED
POSITION ADULT ☐ UNFOUNDED ☐ Y☐ N☐
OFFICER F EDWARDS  BADGE 325  10-28-95
APPROVED BY MB

ROUTING: BOOK · FILE · CAPT. · DA · JUV. HALL · DOJ · DET. · JUV. · LT. · TRAFFIC · YFSB · NARC · CP · CHIEF · VICE/INTEL · ABC · OTHER
DATA INPUT
DATE & TIME APPROVED 0336
REPRODUCED & ROUTED BY DATE & TIME 10-28MB
REPORT NUMBER 95-31639

FOLLOW UP ASSIGNED TO    PAT DET YFSB NARC



SCANNED

## Suspect Description:

Black Male 44 years, 5'6, 145, black, brown.

## Suspect Status:

In custody on non release basis for violation of a restraining order.

## Summary:

(S)Terrell goes to 24409 Soto Road requesting a civil standby from police in violation of a lawful restraining order.

## Narrative:

On 10/27/95 at approximately 1945 I was detailed as a cover unit to 24409 Soto Road to investigate a report of someone requesting a civil standby. Ofc. Nishita arrived onscene at 1950 and I arrived onscene at 1957. On arrival I saw Ofc. Nishita talking with Eugene Terrell in the driveway of the address directly behind apartment 7. As I approached I asked Ofc. Nishita what was going on and simultaneously recognized Terrell. I have been at Terrell's home several times for family disturbances and have dealt with him before. I am also familiar with his wife Christina San Pedro.

Terrell looked at me and said "I remember you!" I asked Terrell what was going on. Terrell told me he wanted to go into the apartment where Christina was and collect some of his clothing so he could look for a job. I asked Terrell if that was all he wanted to get. Terrell replied, "Well, don't freak out but I want to get my handguns out of there too." Terrell added that he thought his wife might have a restraining order against him but wasn't sure. I asked Terrell if he had been served with the restraining order and he replied yes, but insisted that the restraining order gave him permission to come and collect his belongings. I asked Terrell if he had a copy of the order and he said no. Ofc. Nishita went to the apartment and spoked with Christine while I was talking to Terrell. Nishita came back and told me Christine said it was ok for Terrell to come and get his clothing. Thinking that perhaps there was a clause in the restraining order to allow this to happen, I accompanied Terrell into the apartment along with Ofc. Nishita.

Once inside the apartment Christine recognized me and said "hello Officer Edwards". I asked Christine to show me her copy of the restraining order. I reviewed the copy along with the proof of service while Ofc. Nishita went into the s/w bedroom and secured three handguns that Terrell wanted to take with him. As I was reading the order Terrell said to me "Officer Edwards, I'm begging you on my hands and knees, please let me take the guns with me and some of the

| Original | Officer Edwards | Page 1 | 95-31639 |
|----------|-----------------|--------|----------|

SCANNED

clothes!" I thought Terrell's plaintive demeanor was very dramatic and eccentric, and I asked him why it was so important to have the guns. Terrell said he didn't know.

I reviewed the restraining order and found no mention of a time to be set aside for a visit by Terrell to the residence for any reason while the order was in effect. I pointed this out to Terrell and advised him he was under arrest for investigation of violating a restraining order. Terrell then said "you can't do that, you brought me in here!" I pointed out to Terrell that while he was technically correct, the reason we had brought him in was because he had provided us with false information regarding the order. I then placed Terrell in handcuffs and sat him in the rear of my patrol car and requested a supervisor respond to the scene.

Sgt. Camara responded and I described to him the circumstances of what had occurred. Sgt. Camara told me Terrell had been at the front counter at HPD earlier in the afternoon requesting a civil standby at the address. At that time Terrell stated he had a restraining order placed against him by his wife barring him from visiting or calling. Sgt. Camara had the situation explained to him by police clerk Jim Marcus (who was working the front counter at the time) and told Marcus to tell Terrell that the police would not assist him in defying a restraining order. Terrell then left.

Sgt. Camara instructed me to contact radio and find out what Terrell had told dispatch in order to secure a civil standby at the address. After I transported Terrell to HPD Jail I contacted Diana Davis, the HPD dispatcher that took Terrell's call asking for the civil standby. Davis told me Terrell told her over the phone that he was aware of a restraining order against him and stated there was an exclusion in it for him to go to the residence and pick up his personal belongings. Davis had no way of knowing that Terrell was lying and put the detail in for service.

Clearly Terrell had no qualms about providing the police with false information after being told no earlier when he requested a civil standby as observed by Sgt. Camara. I found Terrell's strange behavior on arrival all the more alarming when Terrell's focus turned away from collecting his clothing(as stated in the notes of the original detail) to collecting his firearms, which consisted of three handguns (.357, 9mm, .25). Based on the totality of the circumstances, and the fact the affidavit attached to the restraining order complains of Terrell's bizarre behavior and acts of violence, I felt it necessary to seize all three firearms and place them in the custody of the police department as per 12028.5pc. Additionally, the court needs to be petitioned to seek forfeiture of the weapons from Terrell in order to protect Christine. I also placed a non release on Terrell as I believe there is a strong likelihood that Terrell will continue to violate the order if released.

## Physical Evidence:

I placed the three handguns found at the scene into evidence to be held pending a petition to the court to permanently seize them. They consisted of a loaded Sig Sauer P226 9mm semi automatic pistol, a loaded Ravens Arms .25 caliber pistol, and an unloaded Smith and Wesson



.357 magnum. I also attached a copy of the restraining order with this report. A copy of the order and its proof of service was on file with the police department at the time of this incident.

## Crime Scene:

24409 Soto Road. Terrell was found by Nishita in the driveway area of this complex not more than forty feet away from the apartment.

## Witness Testimony:

Officer Nishita can testify to the narrative of this report. Sgt. Camara can testify to being aware of an earlier request by Terrell for a civil standby and refusing the request because it would be illegal.

Christine San Pedro can testify to being contacted by police and being told her Terrell was downstairs asking to come up, and to showing the order to me (see statement taken by Nishita).

## Suspect Statement:

During transport into the police station Terrell told me he was not interested in speaking to me regarding the incident. I did not try to question him further.

## Suspect Record:

Terrell is known to corpus/cii for domestic violence and possession of a loaded firearm (see rap).

## Case Status:

Cleared by arrest.

| | | | |
|---|---|---|---|
| **Original** | **Officer Edwards** | **Page 3** | **95-31639** |



.357 magnum. I also attached a copy of the restraining order with this report. A copy of the order and its proof of service was on file with the police department at the time of this incident.

### Crime Scene:

24409 Soto Road. Terrell was found by Nishita in the driveway area of this complex not more than forty feet away from the apartment.

### Witness Testimony:

Officer Nishita can testify to the narrative of this report. Sgt. Camara can testify to being aware of an earlier request by Terrell for a civil standby and refusing the request because it would be illegal.

Christine San Pedro can testify to being contacted by police and being told her Terrell was downstairs asking to come up, and to showing the order to me (see statement taken by Nishita).

### Suspect Statement:

During transport into the police station Terrell told me he was not interested in speaking to me regarding the incident. I did not try to question him further.

### Suspect Record:

Terrell is known to corpus/cii for domestic violence and possession of a loaded firearm (see rap).

### Case Status:

Cleared by arrest.



# HAYWARD POLICE DEPARTMENT
## PROPERTY / EVIDENCE TAG

DATE & TIME: _10-27-95   1950_   SUSPECT: _TERRELL, EUGENE._

CRIME: _166PC_   S.V.I.W. _SAN PEDRO, CHRISTINE_

☐ JUV   ☒ ADULT   DOB _____   S.V.I.W. ADDRESS: _____

☐ PFN _____

**REPORT NUMBER:**

### TYPE OF EVIDENCE (CHECK ONE BOX ONLY)

☐ FELONY        ☒ MISDEMEANOR    ☐ SEARCH WARRANT    ☐ CIVIL
☐ FOUND PROPERTY    ☐ SAFEKEEPING    ☐ OBSERVATION

| ITEM | DESCRIPTION OF PROPERTY - LIST ALL ITEMS SEPARATELY AND COMPLETELY (MAKE, MODEL, SERIAL NO., COLOR, CALIBER, ETC.) | | |
|------|------|------|------|
| 1 | SMITH & WESSON 6" 586 REVOLVER .357 SERIAL # BHC6413 BLACK FINISH W/ WOOD HANDLE *PACKED IN ORIGINAL BOX* | | |
| 2 | SIG SAUER MODEL # P226 SERIAL # U437506 BLACK FINISH 9MM SEMI AUTO | | |
| 3 | RAVEN ARMS .25 CAL MODEL MP-25 SEMI AUTO | | |
| 4 | 15 ROUNDS 9MM CARTRIDGES; 5 ROUNDS .25 CAL. CARTRIDGES. | | |
| 5 | ONE SIG SAUER P226 CLIP; ONE RAVEN ARMS MP-25 CLIP. | | |
| | | | |
| | | | |

*** PROPERTY * ROOM * USE * ONLY ***

### CHECK APPROPRIATE ENTRY (S)

_____ HELD AS EVIDENCE          _____ PHOTOGRAPHED AND RETURNED
_____ RETURN TO                 _____ CSU PROCESSING
_____ DESTROY NOW               _____ RELEASED TO DMV
_____ OUTSIDE AGENCY _____      _____ U.S. MAIL

SPECIAL PROCESSING/REMARKS: _HELD PER 12028.5PC W/ PETITION TO COURT FOR PERMANENT HOLD_

WAS RECEIPT GIVEN? ☒ YES ☐ NO  INITIALS OF (S) (V) (I) _____

| OFFICER | BADGE |
|---------|-------|
| _F. ROSALES_ | _325_ |
| TECH. OFFICER | BADGE |

REPORT NUMBER _95-31639_

SCANNED

clothes!" I thought Terrell's plaintive demeanor was very dramatic and eccentric, and I asked him why it was so important to have the guns. Terrell said he didn't know.

I reviewed the restraining order and found no mention of a time to be set aside for a visit by Terrell to the residence for any reason while the order was in effect. I pointed this out to Terrell and advised him he was under arrest for investigation of violating a restraining order. Terrell then said "you can't do that, you brought me in here!" I pointed out to Terrell that while he was technically correct, the reason we had brought him in was because he had provided us with false information regarding the order. I then placed Terrell in handcuffs and sat him in the rear of my patrol car and requested a supervisor respond to the scene.

Sgt. Camara responded and I described to him the circumstances of what had occurred. Sgt. Camara told me Terrell had been at the front counter at HPD earlier in the afternoon requesting a civil standby at the address. At that time Terrell stated he had a restraining order placed against him by his wife barring him from visiting or calling. Sgt. Camara had the situation explained to him by police clerk Jim Marcus (who was working the front counter at the time) and told Marcus to tell Terrell that the police would not assist him in defying a restraining order. Terrell then left.

Sgt. Camara instructed me to contact radio and find out what Terrell had told dispatch in order to secure a civil standby at the address. After I transported Terrell to HPD Jail I contacted Diana Davis, the HPD dispatcher that took Terrell's call asking for the civil standby. Davis told me Terrell told her over the phone that he was aware of a restraining order against him and stated there was an exclusion in it for him to go to the residence and pick up his personal belongings. Davis had no way of knowing that Terrell was lying and put the detail in for service.

Clearly Terrell had no qualms about providing the police with false information after being told no earlier when he requested a civil standby as observed by Sgt. Camara. I found Terrell's strange behavior on arrival all the more alarming when Terrell's focus turned away from collecting his clothing(as stated in the notes of the original detail) to collecting his firearms, which consisted of three handguns (.357, 9mm, .25). Based on the totality of the circumstances, and the fact the affidavit attached to the restraining order complains of Terrell's bizarre behavior and acts of violence, I felt it necessary to seize all three firearms and place them in the custody of the police department as per 12028.5pc. Additionally, the court needs to be petitioned to seek forfeiture of the weapons from Terrell in order to protect Christine. I also placed a non release on Terrell as I believe there is a strong likelihood that Terrell will continue to violate the order if released.

Physical Evidence:

I placed the three handguns found at the scene into evidence to be held pending a petition to the court to permanently seize them. They consisted of a loaded Sig Sauer P226 9mm semi automatic pistol, a loaded Ravens Arms .25 caliber pistol, and an unloaded Smith and Wesson

Original        Officer Edwards        Page 2        95-31639



.357 magnum. I also attached a copy of the restraining order with this report. A copy of the order and its proof of service was on file with the police department at the time of this incident.

## Crime Scene:

24409 Soto Road. Terrell was found by Nishita in the driveway area of this complex not more than forty feet away from the apartment.

## Witness Testimony:

Officer Nishita can testify to the narrative of this report. Sgt. Camara can testify to being aware of an earlier request by Terrell for a civil standby and refusing the request because it would be illegal.

Christine San Pedro can testify to being contacted by police and being told her Terrell was downstairs asking to come up, and to showing the order to me (see statement taken by Nishita).

## Suspect Statement:

During transport into the police station Terrell told me he was not interested in speaking to me regarding the incident. I did not try to question him further.



## Case Status:

Cleared by arrest.

**Original**          **Officer Edwards**          **Page 3**          **95-31639**

**How can a personnel complaint be made?**

A complaint may be made by telephone, by mail, or in person. The complaint may be made at the police department, or another mutually convenient location. The department is primarily interested in learning of your concerns about police misconduct or a need for improvement in our delivery of services.

**When can a complaint be made?**

A complaint may be made 24 hours a day. During normal business hours the complaint may be submitted to the Internal Affairs Unit at Hayward Police Department by calling 293-7059. After normal business hours, a personnel complaint may be registered with any supervisor or the on-duty Watch Commander, or by calling 293-7051.

**What happens after I file a complaint?**

The complaint is received and documented. The formal complaint will be investigated by a supervisor and reviewed by the Chief of Police and his staff. The Chief or Division Commander will make final determination on all formal complaints. The complainant will be notified in writing concerning the disposition of the complaint.

---

NOTE: I have now lost approximately $3,000 in weapons, due to illegal procedures employed by Hayward Police Officers.

We both worked the Aconn Housing Complex in Oakland— Nonetheless, I told him I needed my Sig Sauer 9mm, bullet resistance vest, web gear, and clothing for job interview. He said: I have to call for back-up if you are picking up a gun — I said, "I understand." I also told him about two other guns — he ask, "why not get all 3") I said: "I only need one for the job". Nonetheless, Officer Edwards given on site, and detained me until officer Nishita returned from my apartment with permission (for me to get my items) and a copy of my restraining order - as instructed by Officer Edwards — Officer Edwards, prior to the return of Officer Nishita, has informed me that I was in violation of my restraining order — and after a very brief discussion with Officer Nishita, I was escorted into my apartment — Officer Edwards announced over the radio '5151' - then told me I was under arrest for violating my restraining order — Now on Oct 28, 95 another HPD Officer who drove escort vehicle, squeeze my left testical

SIGNED BY: _____

REPORT RECEIVED BY: _____

DATE/TIME: _____

(2)            SEE accompanying Criminal Reports

**CALIFORNIA COMMISSION ON PEACE OFFICER STANDARDS AND TRAINING**

\* \* \* SAVE — OFFICIAL NOTIFICATION \* \* \*

THIS NOTICE CERTIFIES THAT YOU HAVE SUCCESSFULLY COMPLETED
THE FOLLOWING COURSE PURSUANT TO SECTION 832(a), PENAL CODE:

COURSE: POWERS OF ARREST
NOTICE NUMBER: A0035363
COURSE LENGTH: 40 Hours
COMPLETION DATE: March 12, 1993
SSN: 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
PRESENTER: OHLONE COMMUNITY COLLEGE

TERRELL EUGENE
22650 MAIN STREET
HAYWARD, CA 94541-5112

NOTICE TO
EMPLOYERS:

APPLICANT
MUST PRESENT
THE ORIGINAL

DO NOT ACCEPT
PHOTOCOPY OF
THIS DOCUMENT

>>>>> SEE REVERSE <<<<<

EMPLOYER: YOU MAY PHOTOCOPY THIS NOTICE FOR YOUR RECORDS ONLY
\* \* \* \* THIS ORIGINAL NOTICE, IS THE PROPERTY OF THE ADDRESSEE \* \* \* \*

43199

Bureau of Security and
Investigative Services
400 R STREET, SUITE 3040
SACRAMENTO, CA 95814
(916) 445-7360

EXPIRATION 02/3

RECEIPT NO.
00108833

PERMIT FOR EXPOSED FIREARM
QUALIFIED TO CARRY .38 .357 9MM

GUARD REGISTRATION CARD
EUGENE TERRELL
24409 SOTO ROAD #7
HAYWARD CA 94544

Consumer
Affairs

Signature

PPFQ 05/10/04

State of California
Department of Consumer Affairs

Consumer
Affairs

Bureau of Collection and
Investigative Services
400 R STREET, SUITE 2001
SACRAMENTO, CA 95814-6234
(916) 445-7360

GUARD REGISTRATION
ADDITIONAL PERMIT REQUIRED TO CARRY FIREARM
REGISTRATION   G 510966   EXPIRATION 02/28
EUGENE TERRELL
24405 SOTO RD #7
HAYWARD CA 94544

Signature

MIG 02/08/72

RECEIPT N
00108741

STATE OF CALIFORNIA

**TORT CLAIM**

BC-1A (Rev. 4/91)

SUBMIT TO: STATE BOARD OF CONTROL
GOVERNMENT CLAIMS DIVISION
P. O. BOX 3035
SACRAMENTO, CA  95812-3035

BOARD OF CONTROL

THIS SPACE IS FOR STATE
BOARD OF CONTROL USE ONLY

BEFORE COMPLETING THIS FORM  PLEASE READ THE INSTRUCTIONS ON THE BACK OF THE LAST
(BLUE) COPY OF THIS FORM   ·   · MAY KEEP THIS LAST COPY FOR YOUR RECORDS.   SUBMIT
THE TOP THREE COPIES TO ···  ·  · BOARD OF CONTROL. YOU MUST COMPLETE EACH SECTION
OF THIS FORM OR YOUR CLAIM MA· BE RETURNED TO YOU AS INCOMPLETE.

1. NAME AND MAILING ADD···· ···MANT(S) ···
Name(s) Eugene ··· ·· (1)

2. SPECIFY TOTAL DOLLAR AMOUNT OF CLAIM
AS A DIRECT RESULT OF THE INCIDENT:
$ 250,000.00

IF THE AMOUNT IS UNSPECIFIED AT THIS TIME, BUT EXCEEDS
$10,000, CHECK THE APPROPRIATE COURT JURISDICTION:

[ ] MUNICIPAL COURT      [ ] SUPERIOR COURT    FEDERAL

Mailing Address 24410  ..STO ROAD #7
City HAYWARD    State CA   Zip 94544

3. WHEN DID THE DAMAGE O·· ··· OCCUR?
Month  Date    ···  Time
Oct / July JEWKA   ··2/96

4. WHERE DID THE DAMAGE OR INJURY OCCUR? (PLEASE INCLUDE
CITY, COUNTY, AND STREET ADDRESS, INTERSECTION, ROAD
NUMBERS OR MILE MARKER.) Oakland And
Hayward - My Apartment (Addres Nots
Courts, Santa Rita Jail,

·· IF YOU ARE FILING THIS CLAIM BEYOND SIX MONTHS FROM THE
INCIDENT DATE, PLEASE SEE INSTRUCTIONS FOR FILING LATE
CLAIM APPLICATION ON THE REVERSE OF THE LAST COPY.

5. PLEASE EXPLAIN THE C····  ···· THAT LED TO THE ALLEGED DAMAGE OR INJURY. STATE ALL FACTS WHICH SUPPORT YOUR
CLAIM AGAINST THE STATE   ···RNIA, AND WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE ALLEGED DAMAGE OR INJURY.
IF KNOWN, IDENTIFY THE ··  ··· STATE AGENCY(IES) AND/OR STATE EMPLOYEE(S) THAT ALLEGEDLY CAUSED THE DAMAGE OR
INJURY.   I had a  ···· ··· Girlfriend, Escaped from my apartment on
October 6, 199·  ·· returned on several occasions and assaulted me - I call
Hayward Police, th··· ·d the Emergency Number 911. I filed on Oct 20, 9·
for Custody of ·· ···lifand Served Mrs. Christina San Pedro on October 23, 95
However, Mrs. S··· and was Granted a Domestic Violence Restraining Order -
and I have Since ····· annulled 3 Times, for not Violating The Law, Assaulted b
Police, denied The r··· ·· file a Criminal Complaint, and all rights of being a Parent.
And I have been  ····ied my Constitutional and Civil Rights.

6. WHAT SPECIFIC DAMAGE  ·· ·· YOU CLAIM RESULTED FROM THE ALLEGED ACTIONS? The Police have ma·
death Threats  ···· ··· life; Malicious Prosecution, Law of Jobs, Law of Income
false Imprisonmen·  ··· law of Annual Penalt, Loss of business licenses

7. HOW WAS THE AMOUNT C···· ··· COMPUTED? (IF YOU HAVE SUPPORTING DOCUMENTATION FOR THE AMOUNT CLAIMED, PLEASE
ATTACH THREE COPIES TO ···· ·IM )     See ··EDERAL law: "Damages"

8. SEND OFFICIAL NOTICE  ···· ·· CORRESPONDENCE TO:
Name Eugene J··· // 
Mailing Address 24405 So·· ···  #7
City HAYWARD   State ·A   Zip 94544

9. SIGNATURE AND TELEPHONE NUMBER(S) OF CLAIMANT OR
ATTORNEY/REPRESENTATIVE (PLEASE SEE NOTICE BELOW)
Signature  X _____   Date 31 July 96
Daytim· Telephone Number· (Please include Area Code)
Claimant (9··)5·· 2410
Attorney/Representative (510) 537 - 2410

10. IF THE BOARD INV····  ····EAR ON YOUR CLAIM AT A FUTURE BOARD HEARING, PLEASE DESIGNATE THE HEARING LOCATION
YOU WOULD PREFER (CHECK ··)

[ ] SACRAMENTO      [ ] LOS ANGELES      [X] SAN FRANCISCO      [ ] SAN DIEGO (October only)

**NOTICE**

SECTION 72 OF THE PENAL ··E PROVIDES:



SUPERIOR COURT
STATE OF CALIFORNIA
COUNTY OF ALAMEDA

CHAMBERS OF THE PRESIDING JUDGE
RONALD M. SABRAW

COURT HOUSE
1225 FALLON STREET
OAKLAND, CALIFORNIA 94612
(510) 272-6040

March 5, 1996

Mr. Eugene Terrell
24409 Soto Road, #7
Hayward, CA 94544

Dear Mr. Terrell:

I am writing in response to your letters of February 26, 1996, February 29, 1996 and March 1,
1996. With regard to your concerns about Judge Girard, as previously indicated in the letter
from Mr. Michael Bergeisen of the Judicial Council of California, concerns about the
performance of Judge Girard should be directed to the Commission on Judicial Performance.
From Mr. Bergeisen's letter of January 29th, it appears that he has already forwarded a previous
letter of yours to the Commmission. However, should you wish further information to be
submitted to the Commission on Judicial Performance, you may direct your correspondence to
Ms. Victoria Henley, Executive Director, Commission on Judicial Performance, 101 Howard
Street, Suite 300, San Francisco, CA 94105.

With regard to your concerns about the employees of Family Court Services, I have spoken with
Dr. Larry Lehner who is the Director of Family Court Services. He informed me that he has
reviewed your concerns and discussed those matters with you personally. I could find nothing
in your materials that would support any disciplinary action by the Court against the employees
of Family Court Services.

Regarding your most recent letter of February 29, 1996, you indicate that you are going to be
filing a Motion for a peremptory challenge of Judge Girard. To the extent that you wish to do
so, you must file such a challenge in your existing court case and it should be filed in Judge
Girard's department.

I am sorry that I cannot be of any further assistance to you regarding your concerns.

Yours truly,

Ronald M. Sabraw, Presiding Judge

RMS:mk

bterrell.m05

# RMS
RISK MANAGEMENT SERVICES

August 21, 1997                              **In reply, refer to Claim No. 97-485**

Eugene Terrell
24409 Soto Rd., #7
Hayward, CA  94644

**RE:   Claim of Eugene Terrell v. County of Alameda (Claim No: 97-485)**

Dear Mr. Terrell:

NOTICE IS HEREBY GIVEN the letter you sent to the Alameda County Sheriff's Department on August 6, 1997 is being treated as a claim. As such the claim was forwarded to the Clerk, Board of Supervisors on August 15, 1997. The claim fails to substantially comply with the requirements of the California Government Code (CGC). See Sections 910, 910.2, and 901 of the Government Code. Your claim will not be accepted for filing or consideration for the reasons checked below.

_____   The claim fails to state the name and post office address of the claimant.  (see CGC 910(a))

_____   The claim fails to state the post office address to which the person presenting the claim desires notices to be sent.  (see CGC 910(b))

__X__   The claim fails to state the date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.  (see CGC 910(c))

__X__   The claim fails to state a general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.  (see CGC 910(d))

__X__   The claim fails to state the name or names of the public employee or employees causing the injury, damage, or loss, if known.  (see CGC 910(e))

__X__   The claim fails to state the amount or the basis of computation of the amount claimed as of the date of the presentation of the claim.  (see CGC 910(f)

__X__   The claim was not signed by the claimant or by some person on behalf of the claimant.  (see CGC 910.2)

## WARNING

Your claim may be amended at any time before the expiration of the period designated in Section 911.2 of the Government Code, or before final action thereon is taken by the County of Alameda, which is later. See Section 910.6 of the Government Code.

This notice applies only to actions for which a California Government Code claim is required.

Very truly yours,

Kenneth R. Maiolini

cc:    Clerk, Board of Supervisors

P.O. Box 724 • Sebastopol, CA 95473 • (707) 792-4980 • FAX (707) 792-4988

# RMS

## RISK MANAGEMENT SERVICES

December 10, 1996

**In reply, refer to Claim No. 96-611**

Mr. Eugene Terrell
24409 Soto Rd., #7
Hayward, CA   94544

**RE:    Claim of Eugene Terrell v. County of Alameda**

Dear Mr. Terrell:

NOTICE IS HEREBY GIVEN that the claim for damages you presented to the Board of Supervisors of Alameda County on October 23, 1996 was rejected on December 10, 1996.

### WARNING

Subject to certain exceptions. you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6. You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

This notice applies only to actions for which a California Government Code claim is required.

Very truly yours,

Kenneth R. Maiolini
/sf

cc:    Clerk, Board of Supervisors

Form 1



## Office of the City Attorney

November 15, 1996

Mr. Eugene Terrell
24409 Soto Road Number 7
Hayward, California 94544

     Re:   Claim Number 61455

Dear Mr. Terrell:

     Thank you for your letter dated November 15, 1996.    Unfortunately, this office has nothing to do with the District Attorney's Office, the County Family Court system or the imposition of your restraining order.    It would appear that you immediate problem is to (1) stop violating the restraining order and (2) retain an attorney to modify the restraining order or (3) make arrangements with a family member for them to pick up the child so that you can see your child away from your ex-girlfriend and she has the piece of mind to know that the child is not going to be endangered.

     The Alameda County Bar Association has an excellent attorney referral system and a free workshop, I believe, on the weekends.    I can appreciate that many times, as a black person, we may feel that events happen solely because one is black.   However, sometimes that is not the case.   This is one such instance.

               Very truly yours,

               JAYNELLE K. BELL LOWERY
               Assistant City Attorney

JKBL:
risk\terrell.ltr

## ETT-Ba.B Publications

Mr. Eugene Terrell
24409 Soto Road # 7
Hayward, CA.
94544-1438

Phone 510-537-2410
Fax 510-537-2390

February 02, 1996

Ms. Roberta Cooper, Mayor
City of Hayward
25151 Clawiter Road
Hayward, CA.

Dear Ms. ,

I have called your office on an innumerable occasions to complain of the injustices imposed upon me by your police department. I even came to your office to get the necessary forms to file suite against the city and the police department for the wrong doings committed against me by your police department. Well, now the situation has surpassed the scale. In fact, they have denied me the right to file a criminal complaint, and have ( so I was told ) a picture on display in their department; of me. While maintaining an order to his officers, Chief Calhone has made a threat to my life by telling them that I should be considered Armed and Extremely Dangerous.

I am with out any doubts in a serious situation that must be dealt with; and done so now. The problems with your police department have existed since 1986. However, they were recently exacerbated by the separation of myself and a former finesse. Where by, with the help of a few of your police officers, her friends, family court mediator and the court, she ( Mrs. Christina M. San Pedro ) obtained a Restraining Order against me. Oddly enough, I was denied a mutual Restraining Order, by the Court. Nonetheless, my Civil and Constitutional Rights were violated, I was placed in Jail twice, and there appears to be no law to stop this madness. Especially since, everyone seems determined to violate the Laws, Racially Motive. So, since I have filed several criminal complaints, to include a citizen complaint against several of HPD's Officers, and while no actions were taken by either yourself nor the HPD Police Chief. I have no choice but to sue. Not only for wrong doings, but also for the damages in the form of moneys lost, business loss, and the Threat to My Life.

Sincerely,

37 (Rev. 3-29-84)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

Page __1__ of __1__

On (date) __11/21/95__

item(s) listed below were:
☒ Received From
☐ Returned To
☐ Released To
☐ Seized

(Name) Eugene Turell
(Street Address) 24409 Soto Rd #1
(City) Hayward, Ca 94544
Cal Drivers # C5915939    DOB. 5/9/51

Description of (s): (8) Various Papers regarding allegations
of Civil rights violation.
— No Additional Items —

— Attorney
— General
— Oakland

_R.D. Scott_
(Signature)

Received from _Eugene Turell_
(Signature)

SUPERIOR COURT
STATE OF CALIFORNIA
COUNTY OF ALAMEDA

# Family Court Services

LAWRENCE K. LEHNER, PH.D.
DIRECTOR

ADMINISTRATION BUILDING
☐ 1221 OAK STREET # 260
OAKLAND, CA 94612
(510) 272-6030
FAX: (510) 272-6023
November 26, 1996

COUNTY OFFICE BUILDING
☐ 224 W. WINTON AVENUE # 208
HAYWARD, CA 94544
(510) 670-6350
FAX: (510) 670-6457

HALL OF JUSTICE
☐ 5672 STONERIDGE DRIVE
PLEASANTON, CA 94566
(510) 551-6692
FAX: (510) 463-3024

Eugene Terrell
24409 Soto Road, #7
Hayward, California 94544-1438

Dear Mr. Terrell:

I received your letter of November 21, 1996 wherein you asked to have your current court order modified to order that Ms. San Pedro not be permitted to remove your daughter, Yahnay, from the State of California. I will be happy to look into what the current order says, if anything, in this respect. However, you need to know that neither I nor anyone else in Family Court Services has the authority to modify any court order. A court order can only be modified by a judge, and a modification cannot be made in current court orders without notice being given to the other party.

If the current court order does not contain any restrictions on Ms. San Pedro's ability to transport the child outside of the State or the country, and you wish to have that restriction included in the order, it may be necessary for you to file a new Order to Show Cause specifically to modify the court order for that purpose.

However, as I said, I will check the current court order and let you know if there is anything in the current order that speaks to this issue. It may be possible to have the matter put on the calendar again without filing a new Order to Show Cause, but in any event, Ms. San Pedro would need to be served notice again that new matter was going to be heard.

Sincerely,

Larry Lehner, Ph.D.
Director, Family Court Services
Alameda County Superior Court

cc:    Christina San Pedro

CALIFORNIA COURT OF APPEAL
FIRST APPELLATE DISTRICT
DIVISION 1

EUGENE TERRELL,

      Defendant and Appellant,

  v.

CHRISTINA M. SAN PEDRO,

      Defendant and Respondent.

**FILED**

Court of Appeal · First App. Dist.

**FEB 2 0 1997**

RON D. BARROW, CLERK

By _____

                        DEPUTY

A077016

Alameda County  Super. Ct. No. 7586990

BY THE COURT:

    The application for waiver of this Court's filing fee is
denied. Appellant may have 7 days from the date of this order to
tender the $250.00 filing fee or the appeal will be dismissed.
(See Cal. Rules of Court, rule 10(a).

Date: **FEB 2 0 1997**          STRANKMAN, P.J.          P.J.

CALIFORNIA COURT OF APPEAL
FIRST APPELLATE DISTRICT
DIVISION 1


EUGENE TERRELL,
     Defendant and Appellant,
  v.
CHRISTINA M. SAN PEDRO,
     Defendant and Respondent.

**FILED**
Court of Appeal First Ann. Dist.

**MAR - 3 1997**

RON D. BARROW, CLERK

By _____
                      DEPUTY

A077016
Alameda County Super. Ct. No. 7586990


BY THE COURT:

    The appellant having failed to pay the statutory filing fee in
compliance with rule 1(c), California Rules of Court, after notice
given pursuant to rule 10(a), the appeal filed on January 06, 1997 is
dismissed.





Date: **MAR 0 3 1997**        STRANKMAN, P.J.    P.J.

CITY OF OAKLAND 

ONE CITY HALL PLAZA • 6TH FLOOR • OAKLAND, CALIFORNIA 94612

Office of the City Attorney
Jayne W. Williams
City Attorney

(510) 238-3601
FAX (510) 238-6500
TDD (510) 839-6451

**April 21, 1998**

**Eugene Terrell**
**24409 Soto Rd.**
**Hayward, CA  94544**

**Re:**     **Notice of Denial of Claim**
                **Claimant    :   Eugene Terrell**
                **Date of Loss:   March 1, 1996**
                **Our File No.:   C970530-JB**

Dear Mr. Terrell:

   NOTICE IS HEREBY GIVEN that the claim you filed on June 27,
1997 has revealed no indication of liability on the part of the
City of Oakland.  Accordingly, your claim is denied.
                                    WARNING
   Subject to certain exceptions, you have only six (6) months
from the date this notice was personally delivered or deposited
in the mail to file a court action on this claim.  See Government
Code Section 945.6. This time limitation applies only to causes
of action arising under California law for which a claim is
mandated by the California Government Tort Claims Act, Government
Code Sections 900 et. seq.  Other causes of action, including
those arising under federal law, may have shorter time
limitations for filing.

    You may seek the advice of an attorney of your choice in
connection with this matter.  If you desire to consult an
attorney, you should do so immediately.
                            Very truly yours,

                            JAYNE W. WILLIAMS
                            City Attorney
                        By:
                            James A. Burchard
                            Investigator

xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

PROOF OF SERVICE

I am a citizen of the United States, over 18 years of age, a resident of Alameda County, and not a party
to the above action.  My business address is One City Hall Plaza - 6th Floor, Oakland, California 94612.
I served a copy of the above notice by placing it in an envelope addressed as shown above, which envelope
was then sealed and postage fully prepaid thereon and was on this day deposited in the United States mail
at City Hall, Oakland, California.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Oakland, California, on _April 21, 1998_

_Denise Hawkins_
                        Signature

**U.S. Department of Justice**



**Federal Bureau of Investigation**

In Reply, Please Refer   to
File No.

450 Golden Gate Avenue
San Francisco, CA 94102
December 19, 1995

Eugene Terrell
24409 Soto Road, #7
Hayward, CA 94544

Mr. Terrell:

This letter is to acknowledge receipt of your
complaints made on 11/15/95, 11/21/95, and 12/12/95, concerning a
possible violation of your civil rights.

The documentation you supplied to our Oakland office
was reviewed. Based on the facts set forth in your documents,
there does not appear to be a violation of the Civil Rights Act;
therefore, no investigation will be conducted.

As you requested in your 12/15/95 telephone messages,
your documents are enclosed.

Sincerely,

JIM R. FREEMAN
Special Agent In Charge

By:  Edward H. Kirkley
Supervisory Special Agent

## MEMORANDUM

December 5, 1995

TO: File/Trial Attorney

FROM: Foxall

RE: **People v. Eugene Terrell, HMC 310198**

Mr. Terrell was in to interview today; brought some papers that I have not had the opportunity to review. Mr. Terrell continues to be abrupt, even rude, with staff, but was pretty reasonable with me.

In essence, Mr. Terrell's claim is twofold. First, he is charged with violating a restraining order he says was obtained by perjured testimony at the hearing in Superior Court. The order requiring him to leave the premises rested on the plaintiff's contention that she had no other place to stay, but she also states in a deposition regarding child custody or some collateral matter that she does have a suitable place to live in some apartment complex in Oakland. Additionally, she claims certain events occurred that justify the restraining order, but D denies those events ever occurred. (Whether she gave contrary testimony in a deposition or elsewhere is not known to me.)

As a second claim, Mr. Terrell claims that, even if there was a valid restraining order, he did not violate it willfully because he believed that the protected party was no longer living at the address, and he went there on good authority that this was so. Further, D contends that the order required him to move from the address, and not go near the residence of the protected, but did not specify the address of the residence; thus, when he believed that was no longer her address, he could also reasonably believe he could return to that address. I believe this is well supported by the language of the restraining order, and may present D's best defense. Indeed, the family mediator Dennis Hamlette has told our investigator that he told D that he thought the protected no longer resided at the location of the A/O.

Unfortunately, while D may have a good defense (or even two good and consistent defenses), he may be his own worst enemy. He is pushy and self-centered, and could easily cause a jury to want to convict him for anything. His conversation with Pinkney seems to have settled him down and given him both a realistic outlook and faith that we will do our part. He wants a lot of hand-holding, although he probably does not see it as such. And he is caught up in irrelevancies and side issues (like wanting to "press charges" against the complaining witness/protected for perjury). I think I have convinced him that we will do what's right in this context, and lowered his expectations with regard to his collateral issues with the CW and the police. Still, I don't expect it to stick.

YOUR NAME: Eugene Terrell

DATE FILED: December 5, 1995

...IE ADDRESS: 24409 Soto Road  #7  (Restraining Order - Vacant Apt)

Sister  510-569-1435 / 510-537-2410

HOME PHONE: _____  BUSINESS PHONE: _____

SEX: Male  AGE: 44  DATE OF BIRTH: May 9, 1951

WHERE DID THIS OCCUR? At 24409 Soto Rd. #7; Hayward CA 94544

DATE: Oct 27, 1995  TIME: Approx 1930 hours

EMPLOYEES INVOLVED: HPD Dispatcher Ms Diana Davis, HPD Officer Nishita, HPD Officer Sgt. Camara, HPD Officer Edwards and the HPD Office who drove the escort vehicle for the Prisoner transport vehicle on Oct, 28, 1995 (Officer Espinoza & Sgt. Wright)

DESCRIPTION OF INCIDENT: 2 count Felony Violation of Penal Code 182.3, Violation of Penal Code(s) 236 & 118.1, to include + 9 pc.

   (violated Penal Code(s) 182.2, 236, 118.1, and 136.1)

**...SE PROVIDE THE NAMES, ADDRESSES, AND PHONE NUMBERS OF ANY PERSONS WHO MAY HAVE KNOWLEDGE IIS INCIDENT:**

AMES: _____

ODRESS & PH #: _____

AMES: _____

ODRESS & PH #: _____

...S: _____

ODRESS & PH #: _____

## STATEMENT

(START THE NARRATIVE ON THIS PAGE AND CONTINUE ON THE BACK.)

I was Granted a Civil Stand by on Oct 27, 1995 by HPD Dispatcher Ms Diana Davis (After two attempts - Being granted once & denied once). I followed her instructions because I had informed her, that I had this 'nut' telling everyone that I was going to kill her - Nonetheless, two units arrived, but 15 min apart - Officer Nishita was first on the scene - Je maintained a conversation; he spoke of his Job with Oakland Housing Authority Police, and I discussed working with Western Security Bureau as a Security Officer.

How can a personnel complaint be made?

A complaint may be made by telephone, by mail, or in person. The complaint may be made at the police department, or another mutually convenient location. The department is primarily interested in learning of your concerns about police misconduct or a need for improvement in our delivery of services.

When can a complaint be made?

A complaint may be made 24 hours a day. During normal business hours the complaint may be submitted to the Internal Affairs Unit at Hayward Police Department by calling 293-7059. After normal business hours, a personnel complaint may be registered with any supervisor or the on-duty Watch Commander, or by calling 293-7051.

What happens after I file a complaint?

The complaint is received and documented. The formal complaint will be investigated by a supervisor and reviewed by the Chief of Police and his staff. The Chief or Division Commander will make a final determination on all formal complaints. The complainant will be notified in writing concerning the disposition of the complaint.

---

Note: I have now lost approximately $3,000 in weapons, due to illegal procedures employed by Hayward Police Officers.

We both worked the Acorn Housing Complex in Oakland— Nonetheless, I told him I needed my Sig Shuer 9mm, Bullet Resistance , Web Gear, and clothing for Job interview. He said; I have to call for back-up if you are picking up a gun — I said; "I understand." I also told him about two other Guns — He ask; "Why not get all 3") I said; " I only need one for the Job". Nonetheless, Officer Edward arrived on site, and detained me until, officer Nishita returned from my Apartment with permission (for me to get my items) and a copy of my Restraining order - As instructed by Officer Edwards - Officer Edwards, prior to the return of Officer Nishita, had informed me that I was in violation of my Restraining order - And after a very brief discussion with Officer Nishita, I was escorted into my apartment. Officer Edwards announced over the radio 51'51' - then told me I was under arrest for violating my Restraining order - Now on Oct 28 95 another HPD Officer who drove escort vehicle, squeeze my left Testicle

SGNED BY: _____

EPORT RECEIVED BY: _____

ATE/TIME: _____

: )          SEE accompaning Criminal Reports

## PERSONNEL COMPLAINTS

All police departments in the State of California are required by law to have a process by which a citizen may make a complaint against police personnel. The information in this pamphlet will assist anyone who has occasion to make a complaint against any Hayward Police personnel. Here are some of the questions we frequently encounter regarding our complaint procedures and processes.

**What is a citizen's complaint?**

There are two types of personnel complaints. The first is an informal complaint. This complaint is normally handled by the employee's supervisor for minor transgressions and is brought to the employee's attention by the supervisor.

The second type of complaint is the formal complaint. This is for more serious types of transgressions. The formal complaint is lodged with the employee's supervisor, Watch Commander, or Internal Affairs.

**Who can make a complaint?**

A personnel complaint may be made by anyone. However, if the complainant is under the age of 18, we require that the complainant be accompanied by a parent or an adult.

HAYWARD Police Department:
ATTN: Sgt. K. Gross and
Chief of Police'
Cal home

---

(3)

ATE: October 12, 1995    APPROXIMATE Time: 15:30 pm hours

Mployee involved: HPD Officer(s) CostAkis #391 AND A UNKNOWN MALE Officer

On the above DATE AND Time, I, Eugene Terrell, DID CALL #911, HPD Emergency, after Mrs Christina M. San Perdo ATTEMPTED TO Someable TAKE mychild (custody). Yahnay K. Terrell) AWAY from me. I had refused temporary of my child to her mother, because two Days before she (Mrs Christina M. SanPedro) to except 2 Medication NEEDED by my child. Furthermore, HPD Officer CostAkis #391, thDID in fact, order me to surrender my child to Mrs Christina M. SanPedro, even after I made her aware of my beliefs That Mrs Christina M. SanPedro has psychological problem, and was Telling everyone that I was going to kill her. HPD Officer CostAkis said I was lying about my concerns regarding my child's state of Health. But, Mrs Christina M. SanPedro has been sited are for leaving two month old baby (mychild) in an unattented vehicle in the park'in lot of rice Club, in Hayward; and herself, has told me she has attempted suicide twice. Moreover, it is my belief, That HPD Office CostAkis #391, is the or of the cause for all of my problems concerning this complaint, to include Mrs. Christina M. SanPedro filing a Restraining Order and lying on several Police reports, Depositions, and making false statements to Police force it! NOTE: I made a (verbal) Report to the HPD Chief's Secretary about this incident.



# Alameda County Sheriff's Department

LAKESIDE PLAZA, 1401 LAKESIDE DRIVE, 12th FLOOR, OAKLAND, CA 94612-4305

## CHARLES C. PLUMMER, SHERIFF

**MARSHAL - CORONER - PUBLIC ADMINISTRATOR**
**DIRECTOR OF EMERGENCY SERVICES**

(510) 272-6921

August 18, 1997

Eugene Terrell
24408 Soto Road #7
Hayward, CA 94544

Dear Mr. Terrell:

This is in response to your letter to Sheriff Plummer dated August 6, 1997. There will be no other response.

You have asked for the names and badge numbers of the deputy sheriffs who had duty during the court trials in what appear to be four different Alameda County superior Court actions. You have not provided the dates of the trials and the departments in which they were held. Basically you have asked the Sheriff's Department to undertake a research project to determine that information.

The Public Records Act provides that a public agency must provide written records concerning public business. It further requires that those records be reasonably identified in the request.

You are not asking for reasonably identified records. You are asking for information to be culled from an unspecified group of records. There is no duty to undertake such a form of research or to provide such information.

The court's records are available for public inspection at the various court houses. The court files in each case are also available to you there. You will be permitted to examine those records in accordance with the internal rules imposed by the courts. Those records should contain some of the information you desire.

Please take notice that there is no record which is guaranteed to show the presence of every deputy sheriff who attended any of these trials. It is perfectly acceptable and frequently happens that the assigned deputy will be replaced by another, for official or for personal reasons, for a short period of time or perhaps a substantial amount of time. This may or may not be shown in the court's records.

Page Two
August 18, 1997


No documents or other information will be provided in response to your letter of August 6, 1997. A copy of your letter will be forwarded to the County's risk management section to determine whether it meets the requirements for a Government Code claim.

Charles C. Plummer
Sheriff


Timothy P. Ostlund, Commander
County Wide Services Division

TPO:gp

FD-597 (Rev. 3-29-84)

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property Received/Returned/Released/Seized

Page __1__ of __1__

On (date) __11/21/95__

item(s) listed below were:
- ☑ Received From
- ☐ Returned To
- ☐ Released To
- ☐ Seized

(Name) __Eugene Turell__

(Street Address) __24409 Soto Rd #1__

(City) __Hayward, Ca. 94544__

__Cal Driver # C5915939   DOB: 5/9/51__

Description of item(s): (8) Various Papers regarding allegations of Civil rights violation.
— No Additional Items —

- Attorney
- General
- Oakland

_____ (Signature)

Received from _____ (Signature)

# RMS

## RISK MANAGEMENT SERVICES

November 11, 1996

Mr. Eugene Terrell
24409 Soto Rd., #7
Hayward, CA   94544

> RE:   Eugene Terrell v. County of Alameda
> Alameda County Claim No. 96-611

Dear Mr. Terrell:

Our firm is the authorized claims administrator for the County of Alameda.  In this capacity, we are in receipt of your claim.

We are currently investigating this matter and will advise you of our finding as soon as it is available.  In the meantime, do not hesitate to call our office should you have any questions.

Sincerely,

*Cecilia A. Quiambao*

Cecilia A. Quiambao

**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Voice - (415) 437-8310, (800) 368-1019
TDD - (415) 437-8311, (800) 537-7697
(FAX) - (415) 437-8329
http://www.hhs.gov/ocr/

**OFFICE OF THE SECRETARY**

**Office for Civil Rights, Region IX**
**50 United Nations Plaza, Room 322**
**San Francisco, CA 94102**

April 12, 2005

Eugene Terrell
3312 64th Avenue Place
Oakland, California 94605

Our Transaction Number: 05-33164

Dear Mr. Terrell:

Thank you for your complaint received on February 3, 2005, by the Department of Health and
Human Services (HHS), Office for Civil Rights (OCR). You state that your food stamps benefits
were terminated on November 3, 2004. You also state in your correspondence that Alameda
County Social Services Agency (ACSSA) denied you social services, general welfare, and family
maintenance.

OCR is responsible for enforcing a Federal law that protects the privacy of health information
and a variety of Federal civil rights laws that prohibit discrimination. Specifically, OCR has
jurisdiction over programs and entities that receive Federal financial assistance from HHS in
cases involving discrimination based on race, color, national origin, age, disability, and, under
certain circumstances, sex and religion. Additionally, OCR has jurisdiction over health and
human service programs operated by HHS or by state and local public entities in cases involving
disability-based discrimination. OCR also has jurisdiction over health plans, health care
clearinghouses, and certain health care providers with respect to enforcement of the Federal
Standards for Privacy of Individually Identifiable Health Information (the Privacy Rule, 45
C.F.R. Parts 160 and 164, Subparts A and E).

Our office does not have jurisdiction over the food stamp program because they do not receive
financial assistance from HHS. You may wish to contact the Department of Agriculture:

Office of Civil Rights
Food and Consumer Service
Department of Agriculture
550 Kearny, Room 400
San Francisco, CA 94108
(866)632-9992 (Toll Free Number)

In order to determine whether we have legal authority to investigate your complaint against
ACSSA we need more information.

Please provide the following information:

- A description of the social services, general welfare, and family maintenance ACSSA allegedly denied you

- The reason you believe ACSSA took the actions because of your race

- The most recent date of each of the alleged discriminatory action(s)

Also, please read the enclosed "Notice to Complainants and Other Individuals Asked to Supply Information to the Office for Civil Rights," sign the consent and the release forms, and return each signed form to OCR. On each form, please ensure that a box is "checked." These forms authorize OCR to release your name to the recipient and to obtain information about your individual situation. We are unable to investigate your complaint without your signature on both of the consent and release forms. We will close your complaint if these forms are not signed.

You may submit documentation to support your allegations. If any of the issues in this complaint have been resolved, please let us know. In the meantime, you may wish to review the enclosed document, Information About OCR's Complaint Resolution Procedures.

**We would appreciate a response by May 2, 2005, which is approximately 15 days from the date we expect you to receive this letter. If we do not receive a response by that date, we will close this case.**

Sincerely,

Annis Arthur

Annis Arthur
Equal Opportunity Specialist

Enclosures