UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUGENE TERRELL

      Plaintiff,

   v.

STATE OF CALIFORNIA, OFFICE OF
THE ATTORNEY GENERAL, et al.,

      Defendants.
_____/

No. C 08-1273 PJH

**ORDER OF DISMISSAL**

    Plaintiff Eugene Terrell filed this action on March 4, 2008. On the same date, plaintiff also filed four motions for injunctive relief, and a request for leave to proceed in forma pauperis ("IFP"). The court finds that the complaint must be dismissed under 28 U.S.C. § 1915 (e) for failure to state a claim.

### **BACKGROUND**

    Plaintiff filed this action against defendants Attorney General of the State of California, Edmund G. Brown, Jr.; and Attorney General of the United States, Michael Mukasey, alleging claims of federal and state constitutional violations and various state law claims. Plaintiff alleges no facts supporting any claim against either defendant – or at least none that the court can locate in plaintiff's voluminous filings.

    The actions that plaintiff appears to be complaining of are (1) actions taken by the courts of the State of California, by various employees of the State of California, and by

1  various police officers, in connection with a 1995 dispute between plaintiff and his girlfriend
2  Christina San Pedro, and a resulting child custody dispute; (2) the 2005 denial by an
3  administrative law judge of the California Department of Social Services of plaintiff's
4  request for reimbursement of expenses he incurred in connection with the purchase of a
5  computer; and (3) the failure of the Alameda County Department of Social Services to
6  respond to plaintiff's December 2007 letter requesting that the California Department of
7  Social Services provide plaintiff with funds on a monthly basis so that he can purchase
8  medical marijuana.

## DISCUSSION

A.  Legal Standard

The court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  When a complaint is filed in forma pauperis, it must be dismissed prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  28 U.S.C. § 1915( e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984 ).

A complaint is frivolous for purposes of § 1915(e) if it lacks any arguable basis in fact or in law.  Neitzke v. Williams, 490 U.S. 319, 328- 30 (1989).  A complaint lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish an arguable legal claim.  Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).

When a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissal of complaint as frivolous).

B.  Analysis

The court finds that the complaint must be dismissed, for three reasons.  First, the complaint and associated filings are rambling and largely unintelligible.  The court is unable

to ascertain exactly what claims plaintiff is asserting, and finds that any defendant would be hard-pressed to provide a responsive pleading.

Second, as to any claims relating to the 1995 dispute with Ms. San Pedro, and the 2005 denial of plaintiff's request for reimbursement of expenses he incurred in purchasing a computer, any such claim is time-barred. Claims of constitutional violations are governed by the forum state's personal injury statute of limitations. Wilson v. Garcia, 471 U.S. 261, 276 (1985). In California, the general residual statute of limitations for personal injury actions changed from one year to two years in an amendment effective January 1, 2003. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Thus, any claim accruing prior to March 4, 2006, is time-barred.[1]

Third, plaintiff alleges no facts in support of any claim against either of the named defendants. In particular, the complaint alleges no facts even remotely suggesting a connection between defendant Michael Mukasey and any of the actions of which plaintiff complains. Nor, as to the one claim that is not entirely time-barred, does the complaint allege any facts showing a connection between defendant Edmund G. Brown, Jr., and the failure of the Alameda County Department of Social Services to act promptly on plaintiff's request for funds for the purchase of medical marijuana.

## CONCLUSION

In accordance with the foregoing, the court finds that the complaint must be DISMISSED. The dismissal is WITH LEAVE TO AMEND. Any amended complaint may not include the claims that the court has indicated are time-barred; must contain separately numbered causes of action; and must allege facts supporting each separate cause of action as against each named defendant.

Any amended complaint must be filed no later than May 26, 2008. Failure to file an

---

[1] In addition, it appears that the claim involving the 1995 incident is also barred by the doctrine of res judicata. The court's docket reflects that plaintiff filed 15 civil actions in 1998, and that at least one of those asserted claims based on the same incident or incidents, and was fairly and fully decided. See, e.g., Terrell v. Attorney General (C-98-0219-VRW), 1998 WL 574387 (N.D. Cal., Aug. 31, 1998).

amended complaint by that deadline will result in the dismissal of the action.  The motions for injunctive relief are DENIED.  The request for leave to proceed IFP is DENIED.

**IT IS SO ORDERED.**

Dated: April 28, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

EUGENE TERRELL,

        Plaintiff,

  v.

STATE OF CALIFORNIA OFFICE OF THE
ATTORNEY GENERAL et al,

        Defendant.

Case Number: CV08-01273 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 28, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eugene Terrell
439 Douglas Avenue
Oakland, CA 94603

Dated: April 28, 2008

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk